AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:12-CV-499

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 MAR 13 AM 10: 17

DEPUTY CLERK _____

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

**UNITED STATES DISTRICT COURT**
**for the**
**District of Massachusetts**
**Civil Action No: 3:12-CV-499**

I hereby certify and return that today, March 7, 2013, at 5:52 PM, I summoned the within named witness Next Step, LLC to appear and give testimony (*or produce*) as within directed, by delivering in hand to Thomas A. Beaton, Resident Agent the Agent in Charge, a true and attested copy of the within Subpoena to Testify at a Deposition in a Civil Case and Exhibit A. Said service was effected at: Next Step, LLC, 12 Cedar Street, Charlestown, MA 02129. I also tendered $40.00, (Forty Dollars and Zero Cents), at the time and place of service, being the fee for one days attendance and travel.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct. Executed on March 7, 2013.

_____
**Mark J. Snider**, Process Server
& Disinterested Person over Age 18.
**Special Delivery**
5470 L.B.J. Freeway
Dallas, Texas 75240
(800) 352-7290 (214) 866-3275 Fax

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:12-CV-499

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

Pursuant to Federal Rule of Civil Procedure 45, you are directed to make these documents and other materials available and respond in writing within thirty (30) days.

## INSTRUCTIONS

1. Answer each document request separately and fully in accordance with the Federal Rules of Civil Procedure and the Instructions and Definitions contained herein.

2. Where a document request calls for the identification of a document, a true and correct copy of such document may be attached to the response in lieu of describing such documents, provided, however where such document request requires specification of particular words, paragraphs, pages, etc., that the same be clearly identified. If in response to any document request you exercise your option under the Federal Rules of Civil Procedure to produce documents in lieu of a written response, identify the documents from which the answers to the document request may be derived or ascertained with sufficient specificity to permit the answers to be identified in a document request.

3. Unless otherwise specified, the requests below are limited in time frame from January 1, 2004 to the present.

4. To the extent any document request is objected to, set forth all reasons therefore. If you claim privilege as a ground for not producing any document, whether in whole or in part, identify:

(a) The date, author(s), addressee(s), recipient(s) or distributee(s), title, type of document (e.g., memorandum, letter or report) present custodian, location and date of all such information or documents;

(b)   All other persons who have seen or learned of all or part of any such information or documents;

(c)   The method by which, and reasons why, each such person obtained access to such information or documents;

(d)   A description of each subject discussed, described or referred to in such information or document; and,

(e)   The specific basis for your claim of privilege, described in a manner sufficient to permit the Court to adjudicate the validity of the claim.

5.   These document requests are continuing in character and must be supplemented to the extent required by the Federal Rules of Civil Procedure.

6.   If you claim that a portion of a responsive document is protected from disclosure, produce the document with the portion claim to be protected redacted.

7.   Documents not otherwise responsive to these requests shall be produced if such documents mention, discuss, refer, explain, or relate to any responsive document.

8.   All attachments to a responsive document must be produced, regardless of whether the attachments themselves are responsive to these requests.

9.   Documents produced in response to these requests shall be organized either to correspond to the requests or in the manner in which they are kept in the ordinary course of business.

10.   Please produce all electronically stored information in searchable tagged image file format (Group IV TIFF) with Excel and PowerPoint files marked by placeholders and including native file links, together with a litigation support database load file (such as Summation or Concordance) containing (i) system metadata (such as custodian, author, email

2

to/from/cc/sent date, etc.), (ii) extracted text (preferred), or, in the alternative, Optical Character Recognition ("OCR"), and (iii) MD5 hash value of each file.

## DEFINITIONS

The following definitions apply whenever the defined word appears in these discovery requests, except as otherwise indicated.

1. The terms "You" and "Your" shall refer to Next Step, LLC ("Next Step"), its affiliates, agents, representatives and all persons or entities purporting to act on its behalf, whether collectively or individually, and shall include Thomas A. Beaton or Gayle Beaton and any other members, employees or agents of Next Step. The terms "You" and "Your" also include Next Step's members, owners, shareholders, partners, associates, employees, servants, agents, subsidiaries, affiliates, and other persons or entities acting on behalf of or in concert with Next Step, including its consultants, advisors, lawyers, accountants, or any other persons or entities retained or employed by Next Step. Where knowledge, information or documents in your custody, control or possession is requested or referred to, such request includes knowledge, information or documents in the custody, control, or possession of you or your agents, employees, representatives and attorneys.

2. The term "TriStar" shall refer to TriStar Investors, Inc., its affiliates, agents, predecessors, representatives and all persons or entities purporting to act on its behalf, whether collectively or individually. These terms also include TriStar's officers, directors, owners, shareholders, partners, associates, employees, servants, agents, subsidiaries, affiliates, and other persons or entities acting on behalf of or in concert with TriStar, including its consultants, advisors, lawyers, accountants, or any other persons or entities retained or employed by TriStar, and includes any of its predecessors, affiliates, related companies, front companies, brokers,

divisions, subsidiaries, and departments, together with all present and former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on its behalf. The term "TriStar" further includes the following entities: Big Top Ventures LLC, Delta Real Estate Enterprises, LLC, Holy Ghost Properties, LLC, Iron Run, LLC, Irth Realty, LLC, Isosceles Realty, LLC, Lithium Land, LLC, Pair Plus Properties, LLC, Perimeter Property, LLC, Sea Realty, LLC, Triple Play LLC, Three Way Sites, LLC, Hot Corner LLC, Wisdom Four LLC, Scalene-STI, LLC, Yangtze River Realty, LLC, Juno Real Estate LLC, Wishbone Realty LLC, Zeus Properties, LLC, AMO River Enterprises LLC, Gemion LLC, Molacur LLC, Minerva LLC, Jefferson Real Estate LLC, Shamrock BGM LLC, Sphertri Properties LLC, Bronze Property Ventures LLC, Tertullian Ventures, LLC, Neptune Properties, LLC, Gamma Ventures LLC, DEF Holdings, Kanchen Holdings, Alpha Centauri Group, Chimera Holdings, Arcturus Land Enterprises, Diamond Five LLC, TSL Realty LLC, Julex, LLC, KPB Holdings, LLC and Anja Group, LLC.

3. The term "American Tower" shall refer to any or all of the following entities: American Tower Corporation; American Tower, LLC; American Towers, LLC; American Tower Guarantor Sub, LLC; American Tower Holding Sub, LLC; American Tower Asset Sub, LLC; American Tower Asset Sub II, LLC; American Tower Management, LLC; American Tower, L.P., and Spectrasite Communications, LLC.

4. The term "Crown Castle" shall refer to Crown Castle International Corp., its affiliates, agents, representatives and all persons or entities purporting to act on its behalf, whether collectively or individually, and shall include Crown Castle Investment Corp. and Global Signal Acquisitions IV, LLC. The term "Crown Castle" shall also include Crown Castle's officers, directors, owners, shareholders, partners, associates, employees, servants,

agents, subsidiaries, affiliates, and other persons or entities acting on behalf of or in concert with Crown Castle, including its consultants, advisors, lawyers, accountants, or any other persons or entities retained or employed by Crown Castle.

5. The term "SBA" shall refer to SBA Communications Corporation, its affiliates, agents, representatives and all persons or entities purporting to act on its behalf, whether collectively or individually, and shall include SBA Communications Corporation and Optasite, its predecessor. The term "SBA" shall also include SBA's officers, directors, owners, shareholders, partners, associates, employees, servants, agents, subsidiaries, affiliates, and other persons or entities acting on behalf of or in concert with SBA, including its consultants, advisors, lawyers, accountants, or any other persons or entities retained or employed by SBA.

6. The term "controlling ownership" shall refer to the direct or indirect ownership of a majority of the outstanding equity interests having by the terms thereof ordinary voting power to elect a majority of the board of directors, manager or other governing body of a company, corporation, or other entity.

7. The term "between" is used herein in its broadest sense, and means among, involving, to which either is a party, to which both are parties.

8. The term "Person" means any individual, partnership, sole proprietorship, corporation, government or governmental body, commission, board or agency or any other entity or any director, officer, shareholder, employee, agent, representative and attorney thereof.

9. The term "Date" means the exact year, month and date, if known or, if not, your best approximation thereof.

10. The term "document" is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original, all copies of the original, all non-identical copies, and

drafts of writings and recordings of any kind or description whether handwritten, typed, drawn, sketched, printed, filmed, or recorded by any physical, mechanical, electronic or electrical means whatsoever including, but not limited to, communications, emails, correspondence, memoranda, reports, minutes, pamphlets, brochures, notes, letters, telegrams, messages (including reports, notes and memoranda of telephone conversations and conferences), calendar and diary entries, logs, records, computerized documents, compilations, summaries, tapes, transcripts, cards or any other means by which data are stored or preserved electrically, electronically, magnetically or mechanically, and the available program or programs thereof from which you may produce or cause to be reproduced such data and written forms, lists, analyses, worksheets, telephone bills and toll call records, expenses reports, commission statements, confirmation statements, checkbooks, canceled checks, receipts, contracts, agreements, amendments, bills, bills of lading, financial data, ledgers, spreadsheets, charts, budgets, accounting records, records of inter-company transactions, applications, offers, acceptances, proposals, valuations, appraisals, marketing materials, photographs, photographic slides or negative films, film strips, tapes and recordings to which you now have or had access to in the past. All attachments or enclosures to a document are deemed to be part of such documents.

11. The term "Identify:"

(a) When used with reference to an individual shall require a statement of the individual's full name; present and/or last known position, employment, job title and/or business affiliation; present and/or last known business address and telephone number; and present and/or last known residential address and telephone number.

(b) When used with reference to a business or corporation shall mean state the business, or corporation's legal name, the names under which it does business, its form

(proprietorship, corporation, partnership, association or business trust, etc.), the date and place of its inception and/or incorporation, identification of its principal proprietors, partners and/or officers, its present and/or last known address, its principal place of business and its relationship, if any, to each of you.

   (c) When used with reference to a document shall mean state the date the document was prepared, the type of document, the author or speaker, and if different, the signer or signers, the addressee, the substance thereof, their present or last known location or custodian, and all other means of identifying them with sufficient particularity to satisfy the requirements for their identification in a request for their production pursuant to the Federal Rules of the Civil Procedure. If any such document was, but is no longer in your possession or subject to your control, state the disposition that was made of it, the reason for such disposition, the date thereof, the person or persons who made the decision for such disposition and your corporate policy, practice or procedure of document destruction or retention.

   (d) When used with reference to any communication, meeting, act, occurrence, statement or conduct (hereinafter collectively "act") requires you to:

    i. Describe the substance of the event or events constituting such act; and state the date when such act occurred;

    ii. Identify each and every person participating in such act;

    iii. Identify all other persons present when such act occurred;

    iv. State whether any minutes, notes, memoranda, accounts, statements, agreements, documents or any other record relating to the act was made;

    v. State whether such record now exists; and

    vi. Identify the person presently having possession, custody or control of such record.

12. The phrase "relating to," "regarding," or "concerning" as used herein with reference to a subject shall mean both of the following:

(a) Containing, comprising, constituting, stating, setting forth or recording, contradicting, referring to, relating to or in any way pertaining to, in whole or in part, that subject; and

(b) Describing, discussing, concerning, reflecting, interpreting, identifying, contradicting, equaling, underlying, commenting upon, analyzing, regarding, referring to, relating to, or in any way pertaining to, in whole or in part, that subject.

13. The term "communication" means any contact whatsoever or any transmission or exchange of words, numbers, graphic material, or other information, either orally, electronically, or in writing, whether made, received, or participated in, and includes, but is not limited to, any discussions, conversations, correspondence, reports, notes, lists, agendas, memoranda, interviews, meetings, negotiations, facsimiles, telephonic conversations, or other forms of written or verbal communications, including any sound or video recording or any other memorialization of any kind.

14. As used herein the term "all" refers to any and all, and the term "any" likewise refers to any and all.

15. The term "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any document which might otherwise be construed to be outside its scope.

16. The singular includes the plural and vice versa; the masculine includes the feminine and vice versa.

17. These written discovery requests incorporate by reference all applicable terms and definitions provided in the Federal Rules of Civil Procedure, the local rules of this Court, and any other applicable law.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
All documents relating to any work performed by You for TriStar, including but not limited to emails, draft emails, notes, impressions, memoranda, telephone messages, correspondence, calendar entries, agreements, analyses, interview summaries, recordings, and documents provided to you by TriStar.

**REQUEST FOR PRODUCTION NO. 2:**
All documents relating to the restriction, confidentiality, exclusivity, use, or protection of information exchanged by or between You and TriStar.

**REQUEST FOR PRODUCTION NO. 3:**
All contracts, agreements, side letters, commitments, and addenda between or among You and TriStar, including the documents themselves and any documents relating to them.

**REQUEST FOR PRODUCTION NO. 4:**
All documents exchanged by or between You and TriStar relating to TriStar or its officers, directors or employees.

**REQUEST FOR PRODUCTION NO. 5:**
All documents relating to TriStar's exit strategy or analyses of its exit plans.

**REQUEST FOR PRODUCTION NO. 6:**
All documents exchanged by or between You and TriStar relating to American Tower.

**REQUEST FOR PRODUCTION NO. 7:**
All documents exchanged by or between You and any third party relating to American Tower or TriStar.

**REQUEST FOR PRODUCTION NO. 8:**
All documents exchanged by or between You and TriStar relating to Crown Castle or SBA.

**REQUEST FOR PRODUCTION NO. 9:**
All documents exchanged by or between You and any third party relating to Crown Castle or SBA.

**REQUEST FOR PRODUCTION NO. 10:**
All documents relating to any analysis, review, or other study of the profitability or desirability of an investment in TriStar, whether such profitability was based on monetary or other considerations.

**REQUEST FOR PRODUCTION NO. 11:**
All documents relating to any and all of TriStar's business plans or business models, operations, operating capacity, hiring, leadership, business strategy, exit strategy, financials, marketing materials, or advertising materials.

**REQUEST FOR PRODUCTION NO. 12:**
All documents and communications, including but not limited to investment solicitation materials, relating to the amount of return on investment TriStar projects to achieve for its investors, the timing of such return on investment, and any business strategies through which such return on investment will or could be achieved.

**REQUEST FOR PRODUCTION NO. 13:**
All documents relating to representations, pitches, communications, disclosures, pledges, or promises made by TriStar to investors and/or potential investors.

**REQUEST FOR PRODUCTION NO. 14:**
All documents relating to representations, pitches, communications, disclosures, pledges, or promises made by TriStar to landowners.

**REQUEST FOR PRODUCTION NO. 15:**
All documents relating to the financial stake or investment You may have in TriStar, if any.

**REQUEST FOR PRODUCTION NO. 16:**
All documents reflecting or regarding communications between You and TriStar relating to litigation between American Tower and TriStar.

**REQUEST FOR PRODUCTION NO. 17:**
All documents relating to any communications between You and any third party investment firm relating to TriStar or American Tower.

**REQUEST FOR PRODUCTION NO. 18:**
All documents concerning David Ivy, Ed Wallander, Robert Giles, Dale Gilardi, Jerry Vogl, John Lemmon, Michael Mackey, or Matt Newton.

**REQUEST FOR PRODUCTION NO. 19:**
All documents concerning both TriStar and Crown Castle.

**REQUEST FOR PRODUCTION NO. 20:**
All documents concerning both TriStar and SBA.

**REQUEST FOR PRODUCTION NO. 21:**
All documents concerning TriStar's growth, potential, ability to compete, competitors, and the market or markets in which it competes.

**REQUEST FOR PRODUCTION NO. 22:**
All documents concerning deals, agreements, ventures, cooperation, or collaborations between TriStar and any other entity.

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| TriStar Investors, Inc. )<br>*Plaintiff* )<br>v. )<br>American Tower Corporation, et al. )<br>)<br>*Defendant* ) | Civil Action No. 3:12-CV-499<br><br>(If the action is pending in another district, state where:<br>Northern District of Texas ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Next Step, LLC, by and through its resident agent, Thomas A. Beaton, 12 Cedar Street, Charlestown, MA 02129

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
TriStar Investors, Inc. / See Exhibit A.

| Place: Your offices in Charlestown, MA or another mutually agreeable location. | Date and Time:<br>04/05/2013 10:00 am |
|---|---|

The deposition will be recorded by this method: stenographic means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit A.

---

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 03/06/2013

CLERK OF COURT

_____  OR  _____
Signature of Clerk or Deputy Clerk                Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
American Tower Corporation, et al._____, who issues or requests this subpoena, are:
Courtney L. Gilbert, Alston & Bird LLP, 2828 N. Harwood St., Suite 1800, Dallas, Texas 75201
Tel.: (214) 922-3454  Email: courtney.gilbert@alston.com


ORIGINAL