UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRISTAR INVESTORS, INC., §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>AMERICAN TOWER CORPORATION, §<br>AMERICAN TOWERS LLC, AMERICAN §<br>TOWERS INC., AMERICAN TOWER §<br>GUARANTOR SUB, LLC, AMERICAN §<br>TOWER HOLDING SUB, LLC, AMERICAN §<br>TOWER ASSET SUB, LLC, AMERICAN §<br>TOWER ASSET SUB II, LLC, AMERICAN §<br>TOWER MANAGEMENT, LLC, §<br>AMERICAN TOWER L.P., SPECTRASITE §<br>COMMUNICATIONS, LLC, and §<br>AMERICAN TOWER, LLC, §<br>§<br>Defendants. § | CIVIL ACTION NO. 3:12-CV-499 |
| AMERICAN TOWER, LLC, SPECTRASITE §<br>COMMUNICATIONS, LLC, and §<br>AMERICAN TOWERS, LLC, §<br>§<br>Counter-Plaintiffs, §<br>§<br>v. §<br>§<br>TRISTAR INVESTORS, INC., DAVID IVY, §<br>ED WALLANDER, ROBERT GILES, DALE §<br>GILARDI, JERRY VOGL, JOHN §<br>LEMMON, MICHAEL MACKEY, and §<br>MATT NEWTON, §<br>§<br>Counter-Defendants. § | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
COUNTS III AND IV OF PLAINTIFF'S SECOND AMENDED COMPLAINT
PURSUANT TO RULE 12(b)(6) OR, IN THE ALTERNATIVE,
<u>FOR A MORE DEFINITE STATEMENT UNDER RULE 12(e)</u>**

Plaintiff's Response to Defendants'[1] Motion to Dismiss Counts III (business disparagement) and IV (defamation) of Plaintiff's Second Amended Complaint ("SAC") – including Plaintiff's after-the-fact submission of an Appendix of purportedly defamatory and disparaging statements – demonstrates that Plaintiff's SAC is legally deficient, and that Plaintiff seeks to base its alleged defamation and disparagement claims upon statements that are not actionable as a matter of law.

I.  **Plaintiff Failed to Sufficiently Plead the "Who, What, When, Where, and How" of Defendants' Purported Statements that Allegedly Support its Business Disparagement and Defamation Claims.**

As explained in Defendants' brief, Plaintiff's SAC does not contain adequate facts to support Plaintiff's alleged business disparagement and defamation claims as required by *Iqbal, Twombly,* Rule 8, and Northern District of Texas precedent. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); Fed. R. Civ. P. 8(a)(2); *Jackson v. Dallas Indep. Sch. Dist.*, No. Civ. A. 3:98-cv-1079, 1998 WL 386158, at *5 (N.D. Tex., Jul. 2, 1998); *Nelson v. Lowe's Home Centers, Inc.*, Civil Action No. 3:11-CV-1497-B, 2012 WL 3731092, at *6 (N.D. Tex., Aug. 29, 2012); *Hurlbut v. Gulf Atlantic Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex. 1987). Specifically, Plaintiff failed to plead: (1) the specific language alleged to be defamatory or disparaging; (2) the identity of the alleged speakers; (3) the factual context of the alleged statements; (4) which alleged statements are intended to support which count; and (5) whether the "defamation" count is intended to be a libel claim or a slander claim. In its

---

[1] American Tower Corporation, American Towers LLC, American Tower, LLC, American Towers, Inc., American Tower Guarantor Sub, LLC, American Tower Holding Sub, LLC, American Tower Asset Sub, LLC, American Tower Asset Sub II, LLC, American Tower Management, LLC, American Tower, L.P., and SpectraSite Communications, LLC (collectively "American Tower" or "Defendants").

Response, Plaintiff admits that it did not plead "the details" or endeavor to include "every such statement." (Doc. #127, p. 1). Accordingly, Plaintiff's SAC should be dismissed.

Libel and slander cases have long been held to an elevated pleading standard that requires the plaintiff to set forth the precise language complained of, the speaker, the recipient, and the circumstances of the utterance. *See Asay v. Hallmark Cards, Inc.,* 594 F.2d 692, 698-699 (8th Cir. 1979). Clear pleading of the language that forms the basis of a disparagement, libel or slander claim is critical because it "enables the <u>court</u> to determine whether or not the statement is in fact defamatory or whether or not a privilege applies [and] . . . gives the defendant notice of the exact charge against him, thereby enabling him to form responsive pleadings." *Small v. Am. Broadcasting Cos.,* 10 Media L.Rptr. 2391 (N.D. Iowa 1984) (emphasis added, internal quotes and citations omitted). This is not a mere procedural concern, as it is necessary to know this information to determine which defamation defenses may be applicable (*e.g.*, opinion, absolute or qualified privilege, choice of law, statute of limitations). These rationales are even stronger after *Iqbal* and *Twombly*, because the Supreme Court insists that litigants must plead sufficient facts so that the court can judge the adequacy of the claims asserted within the four corners of the pleading.

Plaintiff argues that it should be allowed to broadly support its bare allegations by reference to the more than one hundred paragraphs incorporated into Counts III and IV. Doc. #127, pp. 3 – 11. This is particularly troublesome when the same allegations purportedly support causes of action for libel, slander and business disparagement. First, slander is a common law cause of action in Texas and the law imposes significant limitations, not present with respect to libel claims, on slander claims because of the ephemeral nature of spoken words. *Kelly v. Diocese of Corpus Christi*, 832 S.W.2d 88, 91 (Tex.App.-Corpus Christi, 1992). Second, there is

also a distinction between defamation and business disparagement claims. The former is meant to protect the personal reputation of the injured party; the latter protects the economic interests of the plaintiff against pecuniary loss. *See Hurlbut v. Gulf Atlantic Life Ins. Co.*, 749 S.W.2d 762 (Tex. 1987). As the SAC currently exists, there is no way to identify which alleged statements support Count III, Count IV, or both Counts. This scattershot approach to pleading should be rejected. Defendants should not be required to ascertain which paragraphs were meant by Plaintiff to be one or more of the unspecified allegedly disparaging, libelous, or slanderous statements, or to parse which statements are intended to support Counts III and IV compared to other counts in the SAC.

## II.    Plaintiff's Appendix Should Be Rejected.

Plaintiff tries to rescue its SAC by the submission of an Appendix, essentially admitting that the SAC is legally deficient. In considering a motion to dismiss for failure to state a claim, the Court's analysis must be limited to the contents of the pleadings, and attachments thereto. *See* Fed. R. Civ. P. 12(b)(6). In considering a Rule 12 motion, the Court may consider documents attached to a ***defendant's*** motion to dismiss, and even then only to the extent those documents are referenced in the plaintiff's pleading and are cental to the claim. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000) (affirming dismissal). The Fifth Circuit's rationale is sound - the defendant's documents "merely assist the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id.* at 499. Present Plaintiff fails to provide the Court with any authority that allows the Court to consider Plaintiff's Appendix as part of the motion to dismiss analysis. Therefore, the Appendix should not be considered, and the SAC should be dismissed.

### III. Plaintiff's Cited Authority Actually Supports Defendants' Argument.

a. <u>In *Vendever*, the Court dismissed the defamation claim because plaintiff failed to identify the time, place, and speaker of the alleged defamatory statements.</u>

Defendant relies upon *Vendever LLC v. Intermatic Mfg. Ltd.*, 2011 WL 4346324 (N.D. Tex. 2011) in its Response. In *Vendever,* the complaint alleged defamation and business disparagement claims, among other claims. *Id.* at * 1. The plaintiff alleged the specific facts that the defendant falsely advertised its products as being patented, when the defendant did not own issued patents. *Id.* Further, defendant had threatened to sue the plaintiff for patent infringement, and defendant had informed the plaintiff's customers that plaintiff was infringing defendant's rights. *Id.* Plaintiff claimed these statements supported both its defamation and business disparagement causes of action. *Id.* The defendant moved to dismiss the defamation and business disparagement claims for failure to state a claim. *Id.* at *4-*5.

In a holding omitted from present Plaintiff's Response, the Court granted the defendant's motion to dismiss the defamation claim, finding that the complaint "does not set forth the time and place of publication of these or any other defamatory statements, nor does it set forth the speaker of the statements." *Id.* at * 5.[2] Similarly, in this case, Plaintiff's SAC does not provide the time, place, or speaker of the allegedly defamatory statements. Defendants seek the same relief that was granted by the Court in *Vendever* with respect to the defamation claim, and the Court should dismiss Count IV.

---

[2] TriStar correctly noted that the Court did not dismiss the business disparagement claim in *Vandever*. However, in *Vandever*, the facts at issue were readily ascertainable, *i.e.* the plaintiff claimed to have a patent but did not, whereas many of the statements allegedly at issue here are either statements of opinion, *e.g.* TriStar is a "fly by night operation" or statements that require reference to their underlying context and extrinsic facts to determine whether they are potentially defamatory as a matter of law. *See supra* at IV.

- 5 -

> B. <u>In *Marquis*, the Court reviewed the precise statements at issue because they were contained in documents referenced in the pleading and submitted by the moving party</u>.

Plaintiff also relies upon *Marquis v. OmniGuide, Inc.*, 2011 WL 321112 (N.D. Tex. 2011) in its Response. In *Marquis*, the positions of the parties are reversed from the present case - the defendant had counterclaimed for business disparagement, and the plaintiff moved to dismiss. *Id.* at *2. Plaintiff's motion attached an appendix, which contained "the documents [that] . . . are quoted extensively in [defendant's] counterclaims . . ." *Id.* at *1, FN1. The *Marquis* Court acknowledged that allowed it could consider the appendix because it "merely assists the [non-moving party] in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id.* (internal quotes and citations omitted). Thus, in *Marquis*, the Court analyzed plaintiff's claims, including the precise language that was alleged to be disparaging because the language was contained in documents submitted by the moving party. In this case, Plaintiff, the non-moving party, has improperly attempted to supplement its SAC with the Appendix.

Furthermore, Plaintiff's Appendix, even if could be considered, is still deficient. Instead of quoting the allegedly slanderous verbal statements purportedly made by Defendants, or attaching the documents contained the allegedly defamatory or disparaging written statements, Plaintiff continues to rely upon the broad generalizations and characterizations of the statements contained in its SAC. This practice is insufficient to support the allegations of Count III and IV as it does not provide Defendants with the necessary information to craft a responsive pleading. For example, Plaintiff's Response (Doc. #127, p. 1), cites to several paragraphs of the SAC that Plaintiff now alleges support Counts III and IV and shows this language in quotation marks. *Id.* at p. 1 In fact, Plaintiff's Response quotes only the SAC – which does not set forth the actual

statements that are allegedly attributable to Defendants. *Compare* Doc. #127, p. 1 *with* SAC ¶¶63, 81-82[3], 128, 135 (which does not contain quotations). In the present case, unlike in *Marquis,* TriStar relies on broad characterizations of the alleged statements contained in the SAC, rather than the precise language of the statements themselves, which is yet another reason why *Marquis* is distinguishable.

### IV. Plaintiff's Appendix Demonstrates the Need for Plaintiff to Plead the Asserted Facts.

Plaintiff's Appendix illustrates the need for the heightened pleading standard set forth above. The Appendix demonstrates that Plaintiff was capable of providing at least some of the detailed information required to properly plead Counts III and IV. Plaintiff apparently elected not to include this information in its SAC. As a result, Plaintiff's actions deprived the Defendants of the opportunity to file a targeted motion to dismiss directed to all statements that were properly supported by the requisite facts, which would have substantially narrowed the issues in the case.

Instead, Plaintiff's pleading tactics, if allowed to stand, will prejudice the Defendants by requiring them to expend substantial resources, including a significant amount of their already allocated deposition time, to flesh out which statements Plaintiff contends support which causes of action, as well as the surrounding factual context of each such statement. Although Plaintiff's Appendix should not be considered in the Court's analysis of Defendant's motion to dismiss, Defendants will briefly address some of the alleged defamatory and disparaging statements contained in Plaintiff's Appendix with the remaining pages of their Reply.

---

[3] As noted previously, it is possible that paragraph 83 was intended to satisfy this requirement, and if so, TriStar should so state. *See* Doc. #99, fn. 7.

A. <u>The Materials Contained in the Appendix Do Not Support Counts III and IV Because They Do Not Fully Identify the Circumstances Surrounding Each of the Alleged Statements.</u>

Plaintiff's Appendix contains an interrogatory answer served by Plaintiff in which Plaintiff identified 200 communications, many of which fail to provide the detail necessary to satisfy the pleading requirements for Counts III and IV even if the Appendix could be considered. For example, scores of the responses fail to identify the time, place and speaker of the alleged statements as required by *Vendever,* 2011 WL 4346324. *See, e.g.,* Responses 23 – 27 (failing to identify any of the alleged speaker, date, or medium).

Plaintiff's Appendix also includes the rough transcript from Brenda Berry's deposition. If TriStar had pleaded all the circumstances surrounding Brenda Berry's statement in its SAC as required by the case authority submitted, Defendants could have filed a targeted motion demonstrating that her statement is not defamatory as a matter of law. For example, the use of a term "crook" is mere "name calling" and is not slanderous per se. *Moore v. Waldrop*, 166 S.W.3d 380, 386 (Tex. App. 2005). And for TriStar to demonstrate the statement is potentially slanderous per quod requires an analysis of the full context of the statement – including any accompanying innuendo and extrinsic evidence, which TriStar did not plead. *Id.* Plaintiff may not now rely upon the transcript contained in the Appendix to supply the missing context. Because the Appendix should not be considered by the Court in its Rule 12 analysis, Defendants' motion to dismiss the deficient SAC should be granted. *See Collins,* 224 F.3d at 498-99.

B. <u>Other Statements Contained in the Appendix Are Not Actionable as a Matter of Law Even if They Could be Considered By the Court</u>.

The vast majority of the allegedly false statements contained in the interrogatory answer, even if they could be considered by the Court, cannot possibly support Counts III or IV under

any cognizable legal theory.  The table below summarizes the alleged deficiencies in many of Plaintiff's responses:

| Summary of Alleged Statement or Category | Number of Responses Implicated | Interrogatory Response Number |
|---|---|---|
| American Tower will move or tear down the tower or move carriers if landowner signed with TriStar. (Statements not "of and concerning" TriStar). | 86 | 1, 9, 10, 20, 23, 27, 28, 29, 31, 50, 59, 60, 61, 65, 69, 70, 75, 78, 79, 84, 86, 89, 91, 92, 93, 95, 98, 101, 105, 106, 107, 108, 110, 112, 113, 115, 116, 120, 122, 123, 124, 125, 127, 129, 131, 133, 134, 136, 137, 140, 141, 142, 143, 144, 145, 147, 148, 149, 150, 151, 152, 153, 155, 156, 158, 162, 163, 164, 165, 166, 167, 168, 169, 172, 173, 175, 177, 179, 181, 185, 187, 188, 191, 192, 196, 198, 199.<br><br>(For Response No. 75, the alleged statement is that Verizon, not American Tower, would tear down the tower). |
| Other statements not "of and concerning" TriStar. | 57 | 4, 5, 8, 11, 14, 15, 16, 17, 19, 21, 24, 30, 32, 35, 37, 39, 41, 44, 45, 47, 48, 49, 52, 54, 55, 56, 57, 58, 62, 67, 71, 81, 96, 103, 111, 117, 119, 121, 126, 128, 132, 135, 138, 139, 154, 159, 161, 170, 171, 176, 178, 182, 183, 186, 189, 193, 195 |

The two categories above involve statements regarding the actions the *Defendants* may take in the future and statements that do not refer to TriStar.  None of the statements contained in these two categories are legally actionable as, *inter alia*, none of them are "of and concerning" TriStar.[4]  *See, e.g. New York Times Co. v. Sullivan*, 376 U.S. 254 (1964).[5]

---

[4] Other alleged statements, including those describing Plaintiff as "fly-by-night" or "nasty," clearly are non-actionable opinion because they do not constitute or contain an objectively verifiable fact.  *See* Interrogatory Responses 13 and 46.

[5] Similarly, statements regarding whether TriStar is a "tower operating company" is not capable of defamatory meaning, *i.e.* for an entity like Plaintiff to be referred to as "not a tower operating company" is not defamatory.  *See, e.g. WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) (defamation requires that an allegedly false statement be capable of defamatory meaning).

**CONCLUSION**

As shown above, Plaintiff's SAC was not properly pleaded and does not provide American Tower with sufficient facts to craft an appropriate responsive pleading or motion to dismiss. The Appendix contained in Plaintiff's Response should not be considered by the Court in conducting its Rule 12 analysis, but it does demonstrate the need for elevated pleading of defamation and business disparagement causes of action. Plaintiff's SAC should be dismissed for Plaintiff's failure to properly plead Counts III and IV. In the alternative, Plaintiff should be required to set forth in an amended pleading each statement it alleges as libel, slander, or business disparagement, including the underlying factual basis – who, what, when, where, and how – for each of the statements so that Defendants have a full and fair opportunity to respond.

Dated: April 8, 2013

Respectfully submitted,

*/s/ Michael L. Nepple*
Michael L. Nepple
Missouri State Bar No. 42082
THOMPSON COBURN, LLP
One US Bank Plaza
St. Louis, MO 63101
Telephone: (314) 552-6149
Facsimile: (314) 552-7000
mnepple@thompsoncoburn.com
*Admitted Pro Hac Vice*

Jon G. Shepherd
Texas State Bar No. 00788402
Courtney L. Sauer
Texas State Bar No. 24066026
ALSTON & BIRD, LLP
2828 N. Harwood Street, Ste. 1800
Dallas, TX 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
jon.shepherd@alston.com
courtney.sauer@alston.com

- 11 -

        David M. Rownd
        Illinois State Bar No. 6207951
        THOMPSON COBURN, LLP
        55 E. Monroe Street, 37th floor
        Chicago, IL 60603
        Telephone: (312) 580-2311
        Facsimile: (312) 580-2201
        drownd@thompsoncoburn.com

        COUNSEL FOR DEFENDANTS/
        COUNTER-PLAINTIFFS

**CERTIFICATE OF SERVICE**

      On April 8, 2013, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

        */s/ Michael L. Nepple*
        Michael L. Nepple