# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| TRISTAR INVESTORS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| AMERICAN TOWER CORPORATION, | § | |
| AMERICAN TOWERS LLC, AMERICAN | § | |
| TOWERS INC., AMERICAN TOWER | § | CIVIL ACTION NO. 3:12-CV-499 |
| GUARANTOR SUB, LLC, AMERICAN | § | |
| TOWER HOLDING SUB, LLC, | § | |
| AMERICAN TOWER ASSET SUB, LLC, | § | |
| AMERICAN TOWER ASSET SUB II, LLC, | § | |
| AMERICAN TOWER MANAGEMENT, | § | |
| LLC, AMERICAN TOWER L.P., and | § | |
| SPECTRASITE COMMUNICATIONS, LLC | § | |
| | § | |
| Defendants. | § | |
| ---------------------------------------------------------- | § | |
| | § | |
| AMERICAN TOWER, LLC, | § | |
| SPECTRASITE COMMUNICATIONS, LLC | § | |
| and AMERICAN TOWERS, LLC | § | |
| | § | |
| | § | |
| Counter-Plaintiffs | § | |
| | § | |
| TRISTAR INVESTORS, INC., | § | |
| | § | |
| Counter-Defendants. | § | |
| ---------------------------------------------------------- | § | |

## JOINT SUBMISSION ON DEFENDANT'S MOTION TO COMPEL RESPONSES TO DEFENDANTS THIRD SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to the Court's Order dated November 1, 2012 (Doc #65), Plaintiff ("TriStar") and Defendants ("American Tower") file this Joint Submission on Defendant's Motion to Compel Responses to Defendant's Third Set of Interrogatories to Plaintiff (Nos. 1 and 2), and would respectfully show as follows:

## JOINT STATEMENT REGARDING MEET AND CONFER EFFORTS

The parties conferred and resolved several discovery disputes prior to American Tower's filing of its Motion to Compel.  Pursuant to this Court's November 1, 2012 Order, counsel for TriStar and American Tower conferred face-to-face on April 17, 2013 at 10:00 a.m.  Present in person at the conference were Jon G. Shepherd for American Tower and William D. Sims, Jr., Kyle D. Young and Tyler J. Bexley for TriStar.  David M. Rownd and Michael L. Nepple joined the conference for American Tower by telephone.

Based upon representations made during the conference, the parties were able to resolve several of the discovery issues.  Following the parties' conference, from American Tower's perspective, the disputed issue remains TriStar's objections to Interrogatories 1, and 2 of Interrogatory Set 3.

## BACKGROUND

### A.  American Tower's Statement of Facts Relevant to its Motion to Compel

TriStar alleges that certain landowners did not grant TriStar a property interest in cell tower locations because of alleged misrepresentations made by or on behalf of American Tower. TriStar also alleged that, at locations it was able to secure, that it had to expend additional funds or resources because of American Tower's alleged misrepresentations.

In order to narrow the issues for trial, American Tower served its third set of interrogatories on TriStar seeking: (1) the identity of these cell tower locations; (2) American

Tower's alleged wrongful conduct at each such location; (3) the additional expenditures made by TriStar at each such location; and (4) the identity of persons with knowledge  (Interrogatory Nos. 1 and 2).

TriStar responded on March 6, 2013.  TriStar objected to these interrogatories claiming they, *inter alia*, require "TriStar to marshall its evidence and because [they] are overly broad and unduly burdensome."  TriStar further objected to Interrogatory No. 1, describing it as a "contention interrogatory" that seeks information that is "equally available" to American Tower and is "premature."  Subject to its objections, TriStar provided incomplete responses.

As required by the Court's Order and Discovery Protocol (Doc. # 65), the parties met and conferred on the deficient interrogatory responses.  On March 15, 2013, the parties filed an Agreed Order (Doc. # 123), requiring TriStar to supplement its responses to Interrogatories 1 and 2 of American Tower's Third Set of Interrogatories by March 22, 2013.  *Id.* p. 4.  TriStar supplemented its responses on March 22, 2013, but still failed to provide complete or adequate responses to the Interrogatories.  The parties conferred again on April 17, but TriStar maintains its objections, and asserts its responses are sufficient.[1]  Despite the earlier meet and confer, and the Agreed Order entered by the Court, TriStar's answers to American Tower's Interrogatory Nos. 1 and 2 within American Tower's Third Set of Interrogatories remain unresponsive, even as supplemented as shown below:**.**

Interrogatory No. 1 - TriStar alleges that it was unable to secure property interests at cell tower sites due to American Tower's alleged misrepresentations and wrongful conduct.  It is one of TriStar's fundamental claims in the case and a primary claim from which TriStar's alleged

---

[1] The relevant text of these interrogatories and the substance TriStar's objections and responses are set forth below. The interrogatories and their respective answers and supplemental answers are set forth in their entirety in the Joint Appendix ("J.A." pp. 1-36).

damages flow.  Accordingly, Interrogatory No. 1 seeks (i) the identity of the tower sites at which TriStar claims it was unable to secure a property interest due to an alleged American Tower misrepresentations or wrongful conduct and, for each such site, (ii) the alleged misrepresentation or wrongful conduct by American Tower that prevented TriStar from securing the property interest, and (iii) the identity of all persons with knowledge that TriStar failed to secure the property interest due to the such alleged misrepresentation or wrongful conduct.  TriStar failed to fully answer this Interrogatory and objected that the Interrogatory, *inter alia*, would require it to "marshal its evidence" and was "overly broad" "unduly burdensome" and "premature".  J.A. at 13-14.

TriStar should be compelled to fully respond to Interrogatory No. 1 as American Tower is entitled to this basic information and should not be required, as TriStar contended in the meet and confer, to wait to receive information from TriStar's expert, by which time American Tower's right to take fact discovery on any identified tower site or from any identified witness will have expired.  TriStar's "overly broad", "unduly burdensome", "premature", and "equally available" objections should be rejected.  It is TriStar that has sought discovery at over 5,000 tower sites in the U.S. in this litigation (Doc. #37).  American Tower's Interrogatory is no broader than the scope of the discovery sought by TriStar.  The Interrogatory is not "premature" as the close of the fact discovery period is very close.  Finally, the information is not "equally available" or "unduly burdensome" because – at this point – American Tower does not know what statements it or its agents allegedly made at the various tower sites that caused TriStar's purported losses.  TriStar will apparently seek substantial damages in this matter – fundamental fairness suggests that American Tower be informed during the discovery period of the basic information supporting TriStar's damages claim, *i.e.* the tower sites lost, the alleged false

statement(s) by American Tower that caused the losses, and the identity of persons with knowledge of these basic facts.

Furthermore, this Interrogatory goes directly to the heart of the case.  TriStar contends that these alleged false statements to landowners were made on a systemic, nationwide basis by multiple American Tower employees and agents, as part of a concerted plan.  American Tower served this Interrogatory (and the others at issue in this Joint Submission) to specifically drill down to ascertain the tower sites that TriStar is asserting it lost and the alleged statements by American Tower that purportedly caused the losses.  This case has been on file for more than 1 year – either TriStar has this factual information at this point or it does not.  Under Rule 11, in order to file the lawsuit, TriStar would have had to possess information from which it believed it lost at least one tower site because of an alleged false statement by an American Tower employee or agent.  Now, near the end of fact discovery, this Interrogatory seeks the same information for all alleged lost sites in a narrowly-drawn and non-argumentative manner.

More importantly, during the April 17, 2013 meet and confer on these Interrogatories, TriStar's counsel suggested that answers to these Interrogatories may require expert opinion.  These Interrogatories do not seek expert opinion, but rather facts.  If, in the future, TriStar attempts to submit an expert report, based upon facts developed in discovery, from which it will claim that it lost certain towers based upon an expert's extrapolation of alleged statements made regarding one tower, or a group of towers, to towers on a national basis, that issue can be addressed in a *Daubert* or other motion.  But, right now, American Tower is entitled to know the factual information sought by this Interrogatory (and the others discussed herein) and that information needs to be disclosed during the fact discovery period.

Interrogatory No. 2 – In addition to its claims that it lost certain tower sites because of American Tower's alleged false statements and other wrongful conduct, TriStar also alleges that it obtained property interests at tower sites for which it was forced to expend additional funds or resources to combat American Tower's alleged misrepresentations or wrongful conduct.  This is another one of TriStar's fundamental claims and, presumably, an additional claim upon which it will try to base its alleged damages.  Accordingly, Interrogatory No. 2 seeks (i) the identity of the tower sites at which TriStar secured a property interest after expending funds or resources it would not otherwise have expended absent American Tower's alleged misrepresentation or wrongful conduct and, for each such site, (ii) American Tower's alleged misrepresentation or wrongful conduct, (iii) the additional funds or resources TriStar expended due to same, and (iv) the identity of persons with knowledge that TriStar expended the additional funds or resources on account of American Tower's alleged misrepresentation or wrongful conduct.

Instead of receiving the information requested, American Tower received a list of "examples" of sites that TriStar seems to allege it expended "additional consideration" of various forms, that failed to identify the additional consideration allegedly paid at any site and otherwise fails to identify all persons with knowledge that TriStar allegedly paid the additional consideration on account of an alleged American Tower misrepresentation or its alleged wrongful conduct.  J.A. at 14-15.  In its supplemental answer, TriStar again did not fully identify the additional consideration it purportedly paid to secure these tower sites.  TriStar also didn't fully answer the Interrogatory as it provided a table that only "summarizes examples" that TriStar has identified.  J.A. at 20.

 For the same reasons set forth above regarding Interrogatory No. 1, TriStar should be compelled to provide the identity of every tower site at which TriStar secured a property interest

after expending funds it claims it would not otherwise have expended absent American Tower's alleged misrepresentation or wrongful conduct, as opposed to a table summarizing "examples" of same.  For each such site, TriStar should be required to disclose the additional funds or resources expended by TriStar, and the identity of persons with knowledge that TriStar expended the additional funds or resources on account of American Tower's alleged misrepresentation or wrongful conduct.

### B.   TriStar's Introductory Statement in Response to American Tower's Motion to Compel

TriStar has already provided complete answers to Interrogatory Nos. 1 and 2 consisting of the factual information that it has available.  The only remaining information that could be relevant to these interrogatories consists of expert opinion, which TriStar will disclose in accordance with the Federal Rules and the Scheduling Order governing this action.  American Tower moves to compel because it does not like the responses that TriStar provided.  But American Tower cannot dictate the contents of TriStar's discovery responses.

Additionally, American Tower's answers to nearly identical interrogatories served by TriStar were far less responsive than TriStar's supposedly deficient answers.  TriStar served interrogatories on American Tower using the exact language of American Tower's Interrogatory Nos. 1 and 2 at issue here.  *See* J.A. at 42-45 (Defs.' Resp. & Objections to Pl.'s Fifth Set of Interrogs., Nos. 3-4).   In responding to these interrogatories, American Tower raised the same objections (and cited the same supporting cases) that it now calls baseless in its motion to compel.  *Id.*   Further, American Tower refused to specifically identify any sites that it lost (beyond a blanket reference to all of the sites TriStar has acquired) or an amount of funds that it expended as a result of TriStar's alleged wrongful conduct.   American Tower now seeks to

compel from TriStar information that American Tower itself refused to provide. And American Tower's actions are all the more disingenuous considering that it served its responses to TriStar's interrogatories just five days ago—several days *after* the parties conferred about TriStar's supposedly deficient answers to the very same interrogatories.

TriStar has complied with its obligations under the Federal Rules, and American Tower is not entitled to any additional information. American Tower's motion to compel should be denied.

## <u>ARGUMENTS AND AUTHORITIES ON DISPUTED ISSUES</u>

I. **Interrogatory Nos. 1 and 2of American Tower's Third Set of Interrogatories directed to TriStar[2]**

American Tower's Interrogatory No. 1 requested that TriStar:

Identify every tower site at which a landowner did not grant You a property interest due to Defendants' misrepresentations or other wrongful conduct, and for each such tower site identify Defendants' misrepresentations or other wrongful conduct and every Person with knowledge that the landowner did not grant You a property interest due to same.

TriStar objected to this Interrogatory on the bases that, *inter alia*, it would require TriStar to marshal its evidence, is overly broad and unduly burdensome. Additionally, during the April 17, 2013 meet and confer, TriStar's counsel stated that this information could be obtained in other forms of discovery, such as depositions, and that the Interrogatory may require expert testimony.

American Tower's Interrogatory No. 2 requested that TriStar:

Identify every tower site at which You obtained a property interest for which You expended funds or resources due to Defendants' misrepresentations or other wrongful conduct that You would not have expended absent such

---

[2] The full text of the interrogatory answers and supplemental answers are set forth J.A. pp. 1-36 .

misrepresentations or other wrongful conduct, and for each such tower site identify Defendants' misrepresentations or other wrongful conduct, the additional funds or resources You expended, and every Person with knowledge that You expended the additional funds or resources due to Defendants' misrepresentations or other wrongful conduct.

TriStar objected to this Interrogatory on the bases that, *inter alia*, it would require TriStar to marshal its evidence, is overly broad and unduly burdensome. Additionally, during the April 17, 2013 meet and confer, TriStar's counsel stated that this information could be obtained in other forms of discovery, such as depositions, and that the Interrogatory may require expert testimony.

### A. American Tower's Position

**1. All of the Interrogatories at Issue Seek Relevant Facts and are not Overbroad, Unduly Burdensome or Seek Information that is "Equally Available."**

Federal Rule of Civil Procedure 26(b)(1) provides, in part:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, and the identity and location of persons having knowledge of any discoverable matter. The information sough need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "Relevance" is an exceedingly low standard, and includes "any matter that bears on, or that reasonably could lead to other material that could bear on, any issue that is or may be in the case." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (internal citations omitted). The term is broadly construed and "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Id.* (internal citations omitted).

Exercise of the Court's discretion to compel is appropriate where the discovery sought is relevant to a claim or defense or, when accompanied by good cause, relevant to the subject matter involved in the action. *See, e.g., SEC v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 WL 926587, at *2 (N.D. Tex. Apr. 7, 2008). A party is entitled to complete, responsive answers to each interrogatory asked. *Steadfast Ins. Co. v. Golden Restaurants, Inc.*, 2009 WL 1683605, *2 (N.D. Tex. June 16, 2009).

If a party refuses to disclose discoverable material, Rule 37(a) of the Federal Rules of Civil Procedure allows an opposing party to move to compel disclosure of discoverable materials. The moving party must demonstrate that the materials requested are relevant to a party's claim of defense or will lead to the discovery of admissible evidence. *See AmeriFirst Funding*, 2008 WL 926587, at *2. The burden then shifts to the nonmoving party to demonstrate "why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted." *Abraham v. Alpha Chi Omega*, 271 F.R.D. 556, 559 (N.D. Tex. 2010). In doing so, the nonmoving party must "[i]n a nonconclusory fashion … show specifically how each document request in overly broad, burdensome, or oppressive." *Id.* (emphasis added). The nonmoving party may not satisfy its burden with a "reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (internal citations omitted).

For the specific reasons set forth above at pp. 3-7, the discovery sought by American Tower in this motion to compel is relevant to the damages claimed by TriStar. TriStar alleges that it was unable to secure property interests at tower sites due to American Tower's

misrepresentations and wrongful conduct.  TriStar also alleged that it secured property interests at other tower sites but had to pay more in order to do so.  In summary form, American Tower's Interrogatory Nos. 1 and 2 simply ask:

- Tell us which statements American Tower allegedly made that caused you to lose each tower site you claim (*i.e.* sites lost by TriStar);

- Tell us how much you expended in additional resources in order to secure tower sites in the face of American Tower's alleged false statements (*i.e.* sites won by TriStar but TriStar allegedly had to pay more to win);

- Tell us the identity of the persons with knowledge of the allegedly false statements and the fact that you had to pay more to win.

Respectfully, American Tower is entitled to know which sites that TriStar is claiming it lost or had to pay more to secure, what was American Tower's alleged false statement at each site that caused the loss or increased TriStar payment for the site, and the identity of persons who have knowledge of this information.  Each of the interrogatories discussed in this motion are narrowly tailored to obtain information concerning damages and causation, and TriStar's actions in response.  TriStar should be compelled to fully respond to each of these interrogatories.

### 2.  Interrogatories 1 and 2 Are Not Contention Interrogatories.

TriStar's efforts to characterize interrogatories 1 and 2 as "contention" interrogatories should be rejected.  Contention interrogatories "call for the application of law to fact . . ." *See* 1970 Committee Notes to Fed.R.Civ.P. 33; *Akers v. Shaw Environmental, Inc.* 2011 WL 867524 at * 3 (W.D. La. 2011).  Examples of contention interrogatories include:  "identify specific facts that you contend support a finding . . . that conduct was intentional, willful, malicious, wanton, or reckless" and "identify specific facts … that you contend support an award of exemplary/punitive damages . . ." *Akers*, 2011 WL 867524 at * 2.  Interrogatories 1 and 2 are not contention interrogatories as they simply ask TriStar to identify the towers that they lost and

the American Tower conduct that caused the loss.  Interrogatories 1 and 2 do not ask TriStar to apply law to fact or seek the broad information typically found in a contention interrogatory.

Even if interrogatories 1 and 2 are contention interrogatories, the interrogatories are not objectionable.  Rule 33 provides "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered under designated discovery is complete . . ." Fed.R.Civ.P. 33(a); *see also* 1970 Committee Notes to Fed.R.Civ. P. 33.  Fact discovery is set to close on May 21, and, as the Court is well aware, the parties are under significant discovery limitations.  The interrogatories seek facts, not opinions, and the responsive information – which sites TriStar claims were lost by which alleged statements – is exclusively in the possession of TriStar, and is not "equally available" to American Tower.  TriStar must fully respond to Interrogatories 1 and 2 so that American Tower can plan the remainder of its discovery.

TriStar's reliance on the cases cited in its objections is misplaced.[3]  In the New York case cited by TriStar, *Linde v. Arab Bank, PCL,* 2012 WL 957979 (E.D.N.Y. 2012), involving a terrorist attack, the Court determined that the interrogatories were not premature because they were served prior to the completion of expert discovery.  *Id.* at * 1.  Rather, when a case "has been ongoing for years, and is nearing completion" the party's objections were overruled and it was compelled to answer the interrogatories.  *Id.*  In this case, discovery has been ongoing for the

---

[3]  TriStar argues that because American Tower used these same cases in objecting to similar interrogatories served by TriStar, TriStar's objections are appropriate.  However, TriStar's argument is flawed in several respects.  First, the parties have not met and conferred on American Tower's objections and they are not at issue yet.  TriStar may not use American Tower's discovery responses to justify its own failure to fully answer.  Second, because American Tower served its interrogatories first, the parties have met and conferred on TriStar's objections and, as shown by this submission, TriStar's objections should be overruled.  Finally, and most importantly, if the Court orders TriStar to fully answer American Towers' interrogatories at issue, as American Tower respectfully suggests that it should, American Tower will, of course, remove these objections in its response to TriStar's interrogatory and answer to the same extent as the Court orders TriStar.

last year and the discovery deadline is drawing near.  TriStar should be compelled to fully respond to the interrogatories.

In *Barkley v. Life Ins. Co. of N. Am.*, 2008 WL 450138 (N.D. Tex. 2008), the interrogatories at issue were true contention interrogatories ("state the basis for each of the denials" and "state the basis for each affirmative defense.")  The Court overruled the same "marshalling of evidence" objections that TriStar asserts here, and required the objecting party to "generally" respond to the interrogatories because of their nature.  In this case, the interrogatories are not broad contention interrogatories as ruled upon in *Barkley*, rather American Tower's interrogatories are narrowly tailored to seek facts that support TriStar's claims.

In *Helmert v. Butterball, LLC*, 2010 WL 4537096 (E.D. Ark. 2010), the Court determined that interrogatories seeking facts (such as the identity of documents or witnesses) must be answered.  *Id.* at * 2.  The Court held "[q]uestions that request the identification of witnesses, like questions requesting the identification of documents, are not contention interrogatories.  *Id.*

### 3.  TriStar's Responses Are Incomplete and Must be Supplemented

By its own admission, TriStar has not fully responded to these Interrogatories.  Rather than providing information for every tower (as requested by the interrogatories) that TriStar claims to have lost, TriStar identified documents related to "some number of the tower sites" and "at additional tower sites" that have not been identified.  J.A. 14.  TriStar's supplemental responses fare no better as they are limited to "examples" rather than disclosing all of the information requested by Interrogatories 1 and 2.  J.A. 19 and 20..

### B.  TriStar's Position

American Tower asks this Court to compel TriStar to respond to two broad contention interrogatories.  Interrogatory Nos. 1 and 2 essentially ask TriStar to provide American Tower with TriStar's damages model and all of the components supporting that model.  TriStar

responded to these interrogatories by providing the factual information known to TriStar, which fully satisfies TriStar's obligations under the Federal Rules.  The only remaining information that could be responsive to these interrogatories consists of expert opinion, which American Tower is not entitled to at this stage of the litigation.  The Court therefore should deny American Tower's motion to compel responses to these improper interrogatories.

### 1.   The Interrogatories at Issue and TriStar's Responses

#### a.   Interrogatory No. 1

Interrogatory No. 1 asks TriStar to identify (1) the tower sites at which TriStar did not obtain a property interest due to American Tower's wrongful conduct, (2) the specific wrongful conduct by American Tower that caused TriStar's loss of each site, and (3) the persons with knowledge of TriStar's loss of each site.

In response to subpart 1, TriStar identified a list of 2,944 sites at which it made an offer to acquire a property interest and a separate list of 614 sites at which it acquired a property interest.  J.A. at 19 (Pl.'s Supplemental Resp. to Defs.' Third Set of Interrogs., No. 1).  TriStar then stated that by eliminating the 614 sites from the initial list of 2,944, American Tower could ascertain the 2,330 sites at which TriStar made an offer but did not obtain an interest.  *Id.*

With respect to subpart 2, TriStar referred to its response to American Tower's Interrogatory No. 3 (Set 1), in which TriStar provided a list of 200 false communications, the content of each communication, the maker of each communication, the approximate date the communication was made, the medium by which the communication was made, and the recipient of each communication.  *See* J.A. at 50-71 (Pl.'s Supplemental Resp. to Defs.' First Set of Interrogs., No. 3).  TriStar is in the process of compiling additional false communications of which it has learned during the course of discovery and will supplement its response as required

by the Federal Rules.  Once it has supplemented this response, TriStar will have identified the false communications by American Tower of which TriStar is aware.

In response to subpart 3, TriStar referred to its Rule 26 Disclosures, as supplemented, and the landowners that did not grant TriStar a property interest despite TriStar's offer.  J.A. at 13-14 (Pl.'s Resp. to Defs.' Third Set of Interrogs., No. 1).   These landowners and the TriStar employees, American Tower employees, and third party agents listed on TriStar's Rule 26 Disclosures comprise the universe of persons with knowledge of the fact that these 2,330 landowners did not grant TriStar a property interest based on American Tower's wrongful conduct.

### b.  Interrogatory No. 2

Interrogatory No. 2 asks TriStar to identify (1) the tower sites at which TriStar obtained a property interest but expended funds due to American Tower's wrongful conduct, (2) the specific wrongful conduct by American Tower that caused TriStar's expenditure at each site, and (3) the amount of additional funds expended by TriStar at each site, and (4) the persons with knowledge of TriStar's expenditure at each site.

With respect to subpart 1, TriStar identified the list of 614 sites at which it obtained a property interest.  J.A. at 14-15 (Pl.'s Resp. to Defs.' Third Set of Interrogs., No. 2).   TriStar explained its general contention that it had to increase its offers, provide guarantees to landowners, or unnecessarily expend business resources in order to counteract American Tower's wrongful conduct.  *Id.*

In response to subpart 2, TriStar provided a list of dozens of false statements by American Tower at sites where TriStar has obtained a property interest.  J.A. at 20-34 (Pl.'s Supplemental Resp. to Defs.' Third Set of Interrogs., No. 2).   TriStar is in the process of compiling additional false communications of which it has learned during the course of

discovery and will supplement its response as required by the Federal Rules.  Once it has supplemented this response, TriStar will have identified the false communications by American Tower that TriStar knows about at a site where TriStar has obtained an interest.

With regard to subpart 3, TriStar noted that it was continuing to investigate this issue and would supplement its response as required by the Federal Rules.  J.A. at 14-15 (Pl.'s Resp. to Defs.' Third Set of Interrogs., No. 2).

In response to subpart 4, TriStar referred to the list of the landowners who granted TriStar a property interest.  *Id.*  These landowners, combined with the TriStar employees, American Tower employees, and third party agents listed on TriStar's Rule 26 Disclosures, comprise the universe of persons with knowledge of the additional expenditures that TriStar incurred as a result of American Tower's wrongful conduct.

### 2.  Legal Standard

A party may serve interrogatories inquiring into any relevant matter.  Fed. R. Civ. P. 33(b).  "In responding to interrogatories, parties must 'furnish such information responsive to the interrogatories as is available through reasonable efforts.'"  *Cannata v. Catholic Diocese of Austin St. Neumann Catholic Church*, No. A–10–CA–375 LY, 2011 WL 221692, at *1 (W.D. Tex. Jan. 21, 2011).  Although the Federal Rules permit "contention interrogatories" to narrow the issues for trial, "[c]ourts generally resist efforts to use contention interrogatories as a vehicle to obtain every fact and piece of evidence a party may wish to offer concerning a given issue at trial."  *Linde v. Arab Bank*, No. CV-04-2799 (NG)(VVP), 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012).  Rather, a response to a contention interrogatory need only "*generally explain the factual basis*" for a party's claims.  *Barkley v. Life Ins. Co. of N. Am.*, No. 3-07-CV-1498-M, 2008 WL 450138, at *1 (N.D. Tex. Feb. 19, 2008) (Kaplan, J.).

### 3.  Argument and Authorities

As explained above, TriStar has provided extensive answers to Interrogatory Nos. 1 and 2.  TriStar's responses are sufficient to comply with its obligations under the Federal Rules.  Although American Tower fails to specify its perceived deficiencies in TriStar's responses, the only additional information that American Tower could possibly be seeking is (1) a list of the sites that TriStar lost as a direct result of American Tower's wrongful conduct and (2) the specific amount of money that TriStar expended as a result of American Tower's wrongful conduct at the sites where TriStar obtained a property interest.  These subparts of Interrogatory Nos. 1 and 2 are classic contention interrogatories—they seek not factual information, but a legal conclusion regarding loss causation and amount of losses.  While not specifically couched as requests for TriStar to support its claimed losses and damage amounts, these interrogatories essentially ask TriStar to provide its damages model and the supporting components.  As the court recognized in one of the cases cited by American Tower, interrogatories seeking legal conclusions and damages amounts are contention interrogatories.  *See Akers v. Shaw Envtl., Inc.*, Civil Action Nos. 09–915, 09–1110, 2011 WL 867524, at *2-3 (W.D. La. Mar. 14, 2011).[4]

In responding to a contention interrogatory, TriStar need only "*generally explain* the factual basis" for its claims.  *See Barkley*, 2008 WL 450138, at *1.[5]  A short narrative response is all that is required; "[a] more detailed explanation . . . can be obtained through a Rule 30(b)(6) deposition," *see Nickel v. Flight Options, LLC*, No. 3-10-CV-1323-D, 2010 WL 3784497, at *3

---

[4] Regardless of whether the Court finds these interrogatories to be "contention interrogatories," TriStar has fully answered them and need not provide any additional information under the Federal Rules.  Thus, the analysis below applies with equal force regardless of the label given to Interrogatory Nos. 1 and 2.

[5] Moreover, in *Barkley*, Judge Kaplan specifically noted that the defendant should be able to provide a general explanation of the facts supporting its affirmative defenses because both fact and expert discovery were closed.  *Barkley*, 2008 WL 450138, at *1 & n.1.  Here, both fact and expert discovery are ongoing.  TriStar will continue to supplement its answers to these and all other interrogatories as additional information becomes available.

(N.D. Tex. Sept. 27, 2010) (Kaplan, J.), which American Tower has already had the opportunity

to conduct.  The Federal Rules do not require TriStar to list every fact and piece of evidence that

it intends to introduce at trial.  As one district court recognized,

> [c]ourts generally resist efforts to use contention interrogatories as
> a vehicle to obtain every fact and piece of evidence a party may
> wish to offer concerning a given issue at trial.  Thus courts do not
> typically compel responses to interrogatories that seek a catalog of
> all facts or all evidence that support a party's contentions. . . .
> Rather, where interrogatories seek the factual support for a party's
> contentions, courts have tended toward a middle ground, requiring
> parties to explain the factual bases for their contentions by
> providing the material facts upon which they will rely, but not a
> detailed and exhaustive listing of all of the evidence that will be
> offered.

*Linde*, 2012 WL 957970, at *1 (citations omitted).  TriStar's detailed answers to Interrogatory

Nos. 1 and 2 go above and beyond the requirements imposed by Judge Kaplan and the court in

*Linde*, and American Tower is not entitled to any additional information under the Federal

Rules.[6]

Further, the extent of the losses caused and improper gains achieved as a result of

American Tower's wrongful conduct will be the subject of expert testimony.  TriStar has already

informed American Tower that TriStar did not obtain a property interest at 2,330 sites where

TriStar made an offer to a landowner.  *See* J.A. at 19 (Pl.'s Supplemental Resp. to Defs.' Third

Set of Interrogs., No. 1).  To the extent that the number of sites from which TriStar seeks

damages and disgorgement is narrowed from this list of 2,330 sites, such narrowing will be done

by TriStar's expert witnesses.  Although TriStar need not defend its damages model in a

---

[6] American Tower attempts to distinguish *Linde* and *Barkley* in its motion to compel despite its own reliance on the
same cases in objecting to interrogatories served by TriStar.  *See* J.A. at 42-45 (Defs.' Resp. & Objections to Pl.'s
Fifth Set of Interrogs., Nos. 3-4).  In any event, American Tower misses the point that each case makes: a party need
only provide a general explanation of its position in responding to a contention interrogatory and need not provide a
full narrative account of every fact and every piece of evidence that the party may introduce at trial.  *See Linde*, 2012
WL 957970, at *1; *Barkley*, 2008 WL 450138, at *1.

discovery dispute, there is ample support for TriStar's position that it is not required to provide evidence of each and every deceptive, coercive, and anticompetitive act by American Tower and the resulting loss and improper gain. *See, e.g., Conwood Co. v. U.S. Tobacco Co.*, 290 F.3d 768, 784 (6th Cir. 2002) (upholding expert methodology in Lanham Act and antitrust case extrapolating hundreds of millions of dollars in plaintiff's losses from proof of individual instances of misconduct by defendant and holding that proof of each individual instance of misconduct "would have been so costly as to have effectively ended this suit, despite substantial evidence of anti-competitive activity"); *Malcolm v. Marathon Oil Co.*, 642 F.2d 845, 859 (5th Cir. 1981) ("Each sale and the amount of loss on the transaction need not be shown; averages may be used to show that the [antitrust] plaintiff generally lost money over a period of time. . . . The defendant is not relieved of liability just because the plaintiff does not show the exact volume and price figures possible within the damage period.  To hold otherwise would enable (the defendant) to profit by (its) wrongdoing at the expense of (its) victim." (citation and internal quotation marks omitted)).

Similarly, the additional expenditures that TriStar incurred as a result of American Tower's wrongful conduct at sites where TriStar obtained a property interest will also be the subject of expert testimony.  In particular, expert testimony will isolate and measure the financial impact of changes in terms attributable to American Tower's wrongful conduct.

To the extent that American Tower is seeking TriStar's experts' opinions or their underlying data now, such a request is premature.  Pursuant to the Scheduling Order (Doc. 30) entered by this Court (as extended by the parties' agreement), TriStar need not provide the reports of its experts until June 26, 2013.  Not only are these expert reports not yet finalized, it is also improper to require disclosure of the specific data and opinions underlying them at this stage

of the litigation.   *See, e.g., Coleman v. Dental Org. for Conscious Sedation, LLC*, No. 4:10CV798 TIA, 2011 WL 2600407, at *2 (E.D. Mo. June 29, 2011) (finding, with respect to an interrogatory that involved a subject of expert testimony, that "the interrogatory need not be answered until a later time, presumably after designation of experts and depositions of said experts"); *Orion IP, LLC v. Staples, Inc.*, Case No. 2:04-CV-297, at 1-2 (E.D. Tex. July 7, 2005)[7] (holding that a general response to an interrogatory covering a topic requiring expert testimony was sufficient and that plaintiff could later "provide specific responses to Defendants' invalidity contentions in their expert reports").

In sum, TriStar has provided complete answers to Interrogatory Nos. 1 and 2 of American Tower's Third Set of Interrogatories.   TriStar's answers consist of the factual information available to TriStar, and any additional request for TriStar to disclose the opinions of its experts or the underlying data relied upon by those experts is improper.   The Court therefore should deny American Tower's motion to compel.

<u>CONCLUSION</u>

**A.  American Tower's Requested Relief**

American Tower respectfully request the Court grant its Motion to Compel and enter an order:

> (1)  Overruling TriStar's objections to American Tower's Interrogatories 1 and 2;
>
> (2)  Order TriStar to fully respond to the interrogatories; and
>
> (3)  Grant any additional relief to which American Tower is entitled.

---

[7] This opinion is not available in any reporter or commercial database.  TriStar has included a true and correct copy of the opinion in the Joint Appendix at  74-78.

**B. TriStar's Requested Relief**

TriStar respectfully requests that the Court deny American Tower's motion to compel, sustain TriStar's objections to Interrogatory Nos. 1 and 2, and grant TriStar any additional relief to which it is entitled.

Dated:  April 29, 2013                                          Respectfully submitted,


                                                          /s/ Michael L. Nepple
                                                          Jon G. Shepherd
                                                          Texas State Bar No. 00788402
                                                          Courtney L. Sauer
                                                          Texas State Bar No. 24066026
                                                          ALSTON & BIRD, LLP
                                                          2828 N. Harwood Street, Ste. 1800
                                                          Dallas, TX 75201
                                                          Telephone: (214) 922-3400
                                                          Facsimile: (214) 922-3899
                                                          jon.shepherd@alston.com
                                                          courtney.sauer@alston.com

                                                          David M. Rownd
                                                          Illinois State Bar No. 6207951
                                                          THOMPSON COBURN, LLP
                                                          55 E. Monroe Street, 37th floor
                                                          Chicago, IL 60603
                                                          Telephone: (312) 580-2311
                                                          Facsimile: (312) 580-2201
                                                          drownd@thompsoncoburn.com

                                                          Michael L. Nepple
                                                          Missouri State Bar No. 42082
                                                          THOMPSON COBURN, LLP
                                                          One US  Bank Plaza
                                                          St. Louis, MO 63101
                                                          Telephone: (314) 552-6149
                                                          Facsimile: (314) 552-7000
                                                          mnepple@thompsoncoburn.com

Jason M. Schwent
Missouri State Bar No. 53260
THOMPSON COBURN, LLP
One US  Bank Plaza
St. Louis, MO 63101
Telephone: (314) 552-
6291Facsimile: (314) 552-7291
jschwent@thompsoncoburn.com

*Attorneys for the American Tower,
Inc. Defendants*


VINSON & ELKINS L.L.P.


   */s/  Tyler J. Bexley (with
permission)*
William D. Sims, Jr.
 Texas Bar No. 18429500
Matthew R. Stammel
 Texas Bar No. 24010419
John D. Taurman
 Texas Bar No. 19680400
Kyle D. Young
 Texas Bar No. 24070899
Tyler J. Bexley
 Texas Bar No. 24073923
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
Tel:  214.220.7700
Fax: 214.220.7716
bsims@velaw.com
jtaurman@velaw.com
kyoung@velaw.com
tbexley@velaw.com

Harry M. Reasoner
 Texas Bar No. 16642000
Stacey Neumann Vu
 Texas Bar No. 24047047
1001 Fannin Street, Suite 2500
Houston, Texas  77002
Tel:  713.758.2222
Fax: 713.758.2346
hreasoner@velaw.com
svu@velaw.com

*Attorneys for Plaintiff TriStar*
*Investors, Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(b), I hereby certify that on April 17, 2013, I conferred with William D. Sims, Jr., Kyle D. Young and Tyler J. Bexley, counsel for TriStar.  They informed me that TriStar maintains its objections to each of the discovery requests set forth herein.

/s/      *Michael L. Nepple*
Michael L. Nepple

## CERTIFICATE OF SERVICE

On April 29, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pre se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/      *Michael L. Nepple*
Jason M. Schwent

5727430.1