IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TRISTAR INVESTORS, INC.,** | § | |
| Plaintiff, | § | |
| v. | § | |
| **AMERICAN TOWER CORPORATION,** et al., | § | |
| Defendants. | § | |
| | § | CIVIL ACTION NO. 3:12-CV-499-M |
| **AMERICAN TOWER, LLC, et al.,** | § | |
| Counter-Plaintiffs, | § | |
| v. | § | |
| **TRISTAR INVESTORS, INC., et al.** | § | |
| Counter-Defendants. | § | |

**TRISTAR'S RESPONSE TO AMERICAN TOWER'S
<u>REQUEST FOR STATUS CONFERENCE</u>**

TriStar respectfully submits this response to clarify a few issues contained in American Tower's Request for Status Conference and Response to TriStar's Notice of Agreement for Limited Extension of Fact Discovery Deadline (Doc. 191).

The parties' positions on whether a continuance is necessary and appropriate have been briefed, and TriStar does not attempt to reassert its position here. (Docs 138, 156, and 159) There are some facts not mentioned in American Tower's Doc. 191 that necessitate this response. First, regarding Wood Creek's response to American Tower's subpoena, TriStar is

informed that Wood Creek actually completed its document production a week ago. Given that the parties have agreed to schedule certain depositions after the cut-off of June 20, there is no reason that the Wood Creek directors cannot be deposed in the next two or three weeks. Second, with regard to American Tower's desire to depose SBA Communications' CEO Jeffrey Stoops, TriStar is informed that Mr. Stoops' paper and electronic "TriStar" files were produced in early April. SBA informs TriStar that half of the much larger population of Mr. Stoops' electronic documents were produced on May 31 and the balance of his documents were produced last week. There is no reason he cannot be deposed in the next two or three weeks.[1]

Finally, American Tower's suggestion that it has been disadvantaged by the timing of TriStar's interrogatory responses because those interrogatories "were designed to identify the sites for which TriStar claimed it had evidence so that the landowners at these sites . . . could be deposed" is disingenuous. Twelve months ago, TriStar disclosed fifty-one landowners in its Rule 26(a) disclosures informing American Tower that the people disclosed have "knowledge of [American Tower's] deceptive and threatening conduct towards landowners." American Tower did not seek to depose any of these 51 landowners. Then, in September 2012, in response to an interrogatory where American Tower asked TriStar to identify all false communications that TriStar alleges that American Tower made (including by whom, to whom, and when), TriStar identified over 100 landowners and the alleged misrepresentations. American Tower never sought to depose a single one of these landowners either.[2] Now, of the 12 landowners named in the most recent interrogatory responses that have not either already been deposed or been

---

[1] TriStar is informed that American Tower is insisting that SBA Communications, American Tower's competitor and the third largest tower company in the United States, review and produce documents from sixteen different custodians from a long list of search terms, including "American Tower." Those documents have not yet been produced. But because all of Mr. Stoops documents have been produced, his deposition could go forward. As noted in TriStar's response to the motion for continuance (Doc. 156), American Tower waited over nine months after the discovery period began to serve SBA with the subpoena.

[2] American Tower did show up and ask questions at the depositions that TriStar arranged and noticed.

TRISTAR'S RESPONSE TO AMERICAN TOWER'S REQUEST FOR STATUS CONFERENCE – PAGE 2

scheduled for deposition, four were named by TriStar on May 16, 2012 in its initial disclosures, six were named in supplemental disclosures on February 1, 2013, and one was named in supplemental disclosures on April 16, 2013. TriStar did not learn of American Tower's misrepresentations towards the twelfth landowner, misrepresentations made within the last few months, until recently. American Tower has had notice and opportunity to depose all but one of these landowners for a long time,[3] and American Tower's ongoing misrepresentations to the remaining landowner (and others like him) demonstrate the harm TriStar will continue to suffer if the trial is delayed.[4]

TriStar respectfully requests that the current discovery and other deadlines remain in effect.

---

[3] The Court's Scheduling Order (Doc. 30) limits each party to 105 hours of deposition time. According to TriStar's calculations, American Tower has used over 70 hours of its time. American Tower already has noticed ten depositions within the next two weeks, including the CEO, Vice Chairman, Vice President of Acquisitions, and Vice President of Financial Analysis of TriStar; the CEO and a Senior Vice President of Crown Castle Communications; one of TriStar's investors; and one landowner and her accountant who American Tower named on its own Rule 26(a) disclosures for the first time on May 24, 2013. With these ten depositions already on the calendar, it is unlikely that there will be much time, if any, for further depositions in any event.

[4] American Tower itself had not disclosed a single landowner as having relevant knowledge about any claims (whether American Tower's claims or TriStar's claims) until serving its first supplemental disclosures less than three weeks ago, on May 24, 2013.

Respectfully submitted,

 /s/ _Matthew R. Stammel_____
William D. Sims, Jr.
  Texas Bar No. 18429500
Matthew R. Stammel
  Texas Bar No. 24010419
John D. Taurman
  Texas Bar No. 19680400
Kyle D. Young
  Texas Bar No. 24070899
Tyler J. Bexley
  Texas Bar No. 24073923
VINSON & ELKINS L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: 214.220.7700
Fax: 214.220.7716
bsims@velaw.com
mstammel@velaw.com
jtaurman@velaw.com
kyoung@velaw.com
tbexley@velaw.com

Harry M. Reasoner
  Texas Bar No. 16642000
Stacey Neumann Vu
  Texas Bar No. 24047047
VINSON & ELKINS L.L.P.
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Tel: 713.758.2222
Fax: 713.758.2346
hreasoner@velaw.com
svu@velaw.com

*Attorneys for Plaintiff TriStar Investors, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2013, I served a true and accurate copy of the foregoing document on all counsel of record via filing of the same with the Court's CM/ECF system.

 /s/  *Kyle D. Young*