**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **TRISTAR INVESTORS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN TOWER CORPORATION, AMERICAN TOWERS LLC, AMERICAN TOWERS INC., AMERICAN TOWER GUARANTOR SUB, LLC, AMERICAN TOWER HOLDING SUB, LLC, AMERICAN TOWER ASSET SUB, LLC, AMERICAN TOWER ASSET SUB II, LLC, AMERICAN TOWER MANAGEMENT, LLC, AMERICAN TOWER L.P., SPECTRASITE COMMUNICATIONS, LLC, and AMERICAN TOWER, LLC,**<br><br>Defendants.<br><br>**AMERICAN TOWER, LLC, SPECTRASITE COMMUNICATIONS, LLC, and AMERICAN TOWERS, LLC,**<br><br>Counter-Plaintiffs,<br><br>v.<br><br>**TRISTAR INVESTORS, INC., DAVID IVY, ED WALLANDER, ROBERT GILES, DALE GILARDI, JERRY VOGL, JOHN LEMMON, MICHAL MACKEY, and MATT NEWTON,**<br><br>Counter-Defendants. | **CIVIL ACTION NO. 3:12-CV-499-M** |

**AMERICAN TOWER'S REPLY TO TRISTAR'S RESPONSE
TO REQUEST FOR STATUS CONFERENCE**

TriStar's Response, submitted "to clarify a few issues," actually muddies more than it explains.  First, although TriStar owner Wood Creek finally completed its document production, American Tower needed to have an opportunity to review those 14,000+ pages prior to taking any deposition of Wood Creek employees.[1]  Second, TriStar owner and co-conspirator SBA's production is continuing even today; American Tower is entitled to have an opportunity to review the almost 56,000 pages produced by SBA over the past two weeks and SBA's future production prior to deposing any SBA employees.[2]  Simply because SBA *claims* to have completed producing one employee's electronic files does not require American Tower to take its one and only SBA deposition prior to the actual completion of SBA's production.

TriStar's contention regarding how American Tower should have used its limited time for depositions is not credible.  TriStar apparently believes that American Tower should have used its 105 hours of deposition time to depose 51 (or even 100) landowners, even though (as later discovery would show) the vast majority of those landowners had no connection to any alleged damages in this matter.  Indeed, to avoid wasting its limited deposition time, American Tower waited for TriStar to have the opportunity to conduct discovery and then, in early February 2013, served on TriStar interrogatories designed to specifically identify those landowners that were relevant to TriStar's damages claims—American Tower thus could direct its deposition hours appropriately instead of expending them willy-nilly on irrelevant people.  TriStar's initial answers were deficient, so the

---

[1] American Tower currently is attempting to ascertain whether there are gaps in the Wood Creek production that need to be resolved, as is often the case in litigation.

[2] To date SBA has been unable to confirm when its production will be complete.  The Florida court originally had ordered that SBA's production be completed by May 24, 2013.

**AMERICAN TOWER'S REPLY TO TRISTAR'S RESPONSE**
**TO REQUEST FOR STATUS CONFERENCE – Page 1**

parties entered into an Agreed Order signed by Magistrate Judge Ramirez on March 15, 2013 requiring TriStar to amend them (Doc. 123). When TriStar's amended responses were inadequate, American Tower filed a motion to compel; Magistrate Judge Ramirez granted American Tower's motion and ordered TriStar to provide "complete" responses by May 27, 2013 (Doc. 165). When TriStar failed *for the third time* to provide adequate responses, American Tower again was forced to seek relief, which Magistrate Judge Ramirez granted on June 6, 2013 (Doc. 187).

TriStar also contends that out of the twenty landowners it named in its fourth attempt to fully respond to American Tower's interrogatories, seven have been deposed or are scheduled for deposition, four were identified in TriStar's initial disclosures, seven were identified between February 1 and April 16, 2013, and TriStar only discovered the last one recently.[3] But all that is irrelevant because the prior identifications did not tie the individuals to any claim that actually gave rise to any alleged damages – again, American Tower should not be required to waste limited deposition time on people that do not have any relevant testimony about this case simply because TriStar chose to identify both people that it knew possessed relevant information and people that did not. Indeed, that TriStar knew it could specifically identify the people with truly relevant information and sat on its hands from early March through early June without identifying them – and in contravention of two separate court orders – demonstrates one of the very reasons why American Tower has been forced to seek relief from the current scheduling order.

---

[3] TriStar omits one of the landowners it identified in its fourth response to American Tower's interrogatories.

**AMERICAN TOWER'S REPLY TO TRISTAR'S RESPONSE TO REQUEST FOR STATUS CONFERENCE** – **Page 2**

Dated: June 14, 2013                                      Respectfully submitted,

                                                          */s/ Jon G. Shepherd*
                                                          Jon G. Shepherd
                                                          Texas State Bar No. 00788402
                                                          Courtney L. Gilbert
                                                          Texas State Bar No. 24066026
                                                          ALSTON & BIRD, LLP
                                                          2828 N. Harwood Street, Ste. 1800
                                                          Dallas, TX 75201
                                                          Telephone: (214) 922-3400
                                                          Facsimile: (214) 922-3899
                                                          jon.shepherd@alston.com
                                                          courtney.gilbert@alston.com

                                                          David M. Rownd (*Pro Hac Vice*)
                                                          Illinois State Bar No. 6207951
                                                          THOMPSON COBURN, LLP
                                                          55 E. Monroe Street, 37th floor
                                                          Chicago, IL 60603
                                                          Telephone: (312) 580-2311
                                                          Facsimile: (312) 580-2201
                                                          drownd@thompsoncoburn.com

                                                          Michael L. Nepple (*Pro Hac Vice*)
                                                          Missouri State Bar No. 42082
                                                          Edwin G. Harvey (*Pro Hac Vice*)
                                                          Missouri State Bar No. 30565
                                                          Jason A. Wheeler (*Pro Hac Vice*)
                                                          Missouri State Bar No. 52298
                                                          THOMPSON COBURN, LLP
                                                          One US Bank Plaza
                                                          St. Louis, MO 63101
                                                          Telephone: (314) 552-6149
                                                          Facsimile: (314) 552-7000
                                                          mnepple@thompsoncoburn.com
                                                          eharvey@thompsoncoburn.com
                                                          jwheeler@thompsoncoburn.com

        Andrew P. Fishkin (*Pro Hac Vice*)
        New York State Bar No. 2234714
        FISHKIN LUCKS LLP
        One Riverfront Plaza, Suite 220
        Newark, NJ  07102
        Telephone:  (973) 536-2800
        Facsimile:  (973) 679-4435
        afishkin@fishkinlucks.com

        COUNSEL FOR DEFENDANTS/
        COUNTER-PLAINTIFFS

## CERTIFICATE OF SERVICE

On June 14, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

        */s/ Jon G. Shepherd*
        Jon G. Shepherd