# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
## Southern District of Florida

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2013 AUG 22 AM 11:01
DEPUTY CLERK

Case Number: 3:12-CV-499-M

**Plaintiff:**
**TriStar Investors, Inc.**

vs.

**Defendant:**
**American Tower Corporation, et al**

For:
Alston & Bird, LLP - TX

Received by Special Delivery Service, Inc. on the 7th day of August, 2013 at 1:34 pm to be served on **SBA COMMUNICATIONS CORPORATION c/o It's Registered Agent, Corporate Creations Network, Inc., 11380 Prosperity Farms Road, # 221 E, Palm Beach Gardens, FL 33410**.

I, Michael Rocco, being duly sworn, depose and say that on the **7th day of August, 2013 at 3:21 pm**, I:

served the **CORPORATION - REGISTERED AGENT** by delivering a true copy of the **Subpoena to Testify at a Deposition in a Civil Action and $40.00 Witness Fee check** with the date, time and hour of service, my initials and license number ID endorsed thereon by me, to:

**Juliana Needham**, **Supervor** for **Corporate Creations Network, Inc., Registered Agent** at the address of: **11380 Prosperity Farms Road, # 221 E, Palm Beach Gardens, FL 33410** on behalf of **SBA COMMUNICATIONS CORPORATION**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served:  Age: 25,  Sex: F,  Race/Skin Color: White,  Height: 5'5",  Weight: 120,  Hair: Black, Glasses: N

Under penalty of perjury, I declare that I have read the foregoing Verified Return of Service and that facts stated in it are true. I certify that I am of adult age, have no interest in the above action and a Private Process Server in the judicial circuit in which this process was served.

Subscribed and Sworn to before me on the 12th day of August, 2013 by the affiant who is personally known to me.

NOTARY PUBLIC

Michael Rocco
# 1378 C.P.S.

Special Delivery Service, Inc.
5470 L.B.J. Freeway
Dallas, TX  75240
(214) 866-3200

Our Job Serial Number: 2013003430

Copyright © 1992-2008 Database Services, Inc. - Process Server's Toolbox V6.3f

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| TriStar Investors, Inc. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 3:12-CV-499-M |
| American Tower Corporation, et al. ) | |
| ) | (If the action is pending in another district, state where: |
| *Defendant* ) | Northern District of Texas ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Custodian of Records for SBA Communications Corporation, c/o its Registered Agent, Corporation Creations Network Inc., 11380 Prosperity Farms Rd #221E, Palm Beach Gardens, FL 33410

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
The authenticity and business records nature of the documents SBA has produced in connection with the above-styled matter, Bates labeled SBA00001-SBA03029 and SBAE10000001 - SBAE10127169 and any subsequent productions.

| Place: SBA's Boca Raton, FL office, or an otherwise mutually agreeable location. | Date and Time: 08/19/2013 9:30 am |
|---|---|

The deposition will be recorded by this method: __stenographically and videotape__

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __08/07/2013__

*CLERK OF COURT*

OR _____/s/ Courtney Gilbert_____
_____                    _____
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
American Tower Corporation, et al. , who issues or requests this subpoena, are:

Courtney L. Gilbert, Alston & Bird LLP, 2828 N. Harwood Street, Suite 1800, Dallas, TX 75201
(214) 922-3454; courtney.gilbert@alston.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:12-CV-499-M

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

\*\* SEE ATTACHED \*\*
\*\*\* AFFIDAVIT \*\*\*

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: