UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRISTAR INVESTORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN TOWER CORPORATION, et al., <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § |
| AMERICAN TOWER, LLC, et al., <br><br> Counter-Plaintiffs, <br><br> v. <br><br> TRISTAR INVESTORS, INC., et al., <br><br> Counter-Defendants. | |

CIVIL ACTION NO. 3:12-CV-499-M

COUNTER-DEFENDANT TRISTAR INVESTORS, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE BARBARA M.G. LYNN:

Pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7 and 56, Counter-Defendant TriStar Investors, Inc. ("TriStar") files this Motion for Partial Summary Judgment on the counterclaims filed against it in Counts I, VII, VIII, and IX of Counter-Plaintiffs American Tower LLC, SpectraSite Communications, LLC, and American Towers, LLC's (collectively, "American Tower's") Sealed Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Second Amended Complaint (Doc. #100) (the "Counterclaim"). As more fully set forth in the accompanying Brief in Support of TriStar's Motion for Partial Summary Judgment, which is

incorporated by reference for all purposes, TriStar moves for partial summary judgment on the following grounds:

## SUMMARY

In Count I of the Counterclaim, American Tower alleges that TriStar has violated Section 1 of the Sherman Act, 15 U.S.C. § 1. This counterclaim fails as a matter of law for at least two independent reasons:

- American Tower lacks standing to assert this counterclaim.

- American Tower alleges that TriStar has entered into *per se* illegal agreements, but these agreements are subject to the "rule of reason" as opposed to the *per se* rule. Under the rule of reason, the agreements do not violate the antitrust laws.

In Count VII of the Counterclaim, American Tower alleges that TriStar has misappropriated American Tower's trade secrets. This counterclaim fails as a matter of law for a number of independent reasons:

- The price terms in American Tower's lease agreements are not trade secrets.

- TriStar did not acquire the alleged trade secrets through improper means because the allegedly-breached confidentiality provisions are unenforceable, unreasonable restraints on alienation.

- American Tower has not been damaged by any alleged misappropriation of trade secrets.

In Count VIII of the Counterclaim, American Tower alleges that TriStar has tortiously interfered with American Tower's leases. This counterclaim fails as a matter of law for the following reasons:

- The confidentiality provisions in American Tower's leases are unenforceable, unreasonable restraints on alienation and cannot form the basis of a tortious interference counterclaim.

- TriStar has not tortiously interfered with the so-called "non-interference" provisions in American Tower's lease agreements.

- American Tower has not been damaged by any alleged tortious interference with contract.

In Count IX of the Counterclaim, American Tower alleges that TriStar has tortiously interfered with American Tower's business relationships and expectancies. This counterclaim fails as a matter of law for the following reasons:

- The confidentiality provisions in American Tower's leases are unenforceable, unreasonable restraints on alienation and cannot form the basis of a tortious interference counterclaim.

- American Tower has not been damaged by any alleged tortious interference with business relationships and expectancies.

The matters required by Local Rule 56.3(a)(2) are set forth in the accompanying Brief in Support of TriStar's Motion for Partial Summary Judgment.

WHEREFORE, TriStar respectfully requests that the Court grant its Motion for Partial Summary Judgment, enter a take-nothing judgment on all of American Tower's claims against it in Counts I, VII, VIII, and IX of the Counterclaim, and grant it all other and further relief to which it is justly entitled.

Dated: October 3, 2013

Respectfully submitted,

VINSON & ELKINS L.L.P.

/s/ *Matthew R. Stammel*
William D. Sims, Jr.
  Texas Bar No. 18429500
Thomas S. Leatherbury
  Texas Bar No. 12095275
Matthew R. Stammel
  Texas Bar No. 24010419
John D. Taurman
  Texas Bar No. 19680400
Kyle D. Young
  Texas Bar No. 24070899
Tyler J. Bexley
  Texas Bar No. 24073923
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: 214.220.7700
Fax: 214.220.7716
bsims@velaw.com
tleatherbury@velaw.com
mstammel@velaw.com
jtaurman@velaw.com
kyoung@velaw.com
tbexley@velaw.com

Harry M. Reasoner
  Texas Bar No. 16642000
Stacey N. Vu
  Texas Bar No. 24047047
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Tel: 713.758.2222
Fax: 713.758.2346
hreasoner@velaw.com
svu@velaw.com

*Attorneys for Counter-Defendant TriStar Investors, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2013, I served a true and accurate copy of the foregoing document on all counsel of record via filing of the same with the Court's CM/ECF system.

/s/ *Tyler J. Bexley*