UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TRISTAR INVESTORS, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| **AMERICAN TOWER CORPORATION,** *et al.*, | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | **CIVIL ACTION NO. 3:12-CV-499-M** |
| | § | |
| **AMERICAN TOWER, LLC,** *et al.*, | § | |
| | § | |
| **Counter-Plaintiffs,** | § | |
| | § | |
| v. | § | |
| | § | |
| **TRISTAR INVESTORS, INC.,** *et al.*, | § | |
| | § | |
| **Counter-Defendants.** | § | |

**TRISTAR'S RESPONSE IN OPPOSITION TO AMERICAN TOWER'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

TriStar Investors, Inc. ("TriStar") files this Response in Opposition to American Tower's

Motion for Partial Summary Judgment (Doc. 241) and would respectfully show as follows:

### I.  Summary of Response

Pursuant to Local Rule 56.4(a)(1), and without waiving the full extent of the arguments

and authorities raised in its Brief in Support of its Response in Opposition to American Tower's

Motion for Partial Summary Judgment filed contemporaneously herewith, TriStar states that it

opposes American Tower's Motion for Partial Summary Judgment ("ATC Motion") for the following reasons:

1. American Tower Corporation ("ATC") is not entitled to summary judgment on its liability argument under its Count I – Violation of the Sherman Act because its argument that the Standstill Agreements are per se violations of Section 1 of the Sherman Act is wrong under the law.

2. ATC is not entitled to summary judgment on its liability argument under its Count I – Violation of the Sherman Act because it lacks standing to challenge the Standstill Agreements.

3. ATC is not entitled to summary judgment on TriStar's claim under Section 2 of the Sherman Act because the evidence shows that ATC has monopoly power in the tower operation submarkets at issue in TriStar's claim.

4. ATC is not entitled to summary judgment on TriStar's claim under Section 2 of the Sherman Act because the evidence shows that ATC has engaged in exclusionary conduct to maintain its monopoly power in the tower operation submarkets where TriStar has sought to acquire land rights.

5. ATC's other arguments in support of its Motion on TriStar's claim under Section 2 of the Sherman Act fail on the law and/or the facts.

6. ATC is not entitled to summary judgment on TriStar's Lanham Act claim because the arguments it raises run afoul of its own pleadings and admissions.

7. ATC is not entitled to summary judgment on TriStar's Lanham Act claim because ATC admits that it provides "services" to landowners, and there is no dispute that the statements at issue are made "in connection" with those "services."

8.   ATC is not entitled to summary judgment on TriStar's Lanham Act claim because whether landowners are considered "purchasers" or "suppliers," ATC's false and misleading statements to them are actionable under the Lanham Act.

9.   ATC is not entitled to summary judgment on TriStar's Tortious Interference with Prospective Contract claim because the evidence in the record demonstrates that ATC has committed an independent tort and that TriStar had a "reasonable probability" of entering into the (lost) agreements with landowners.

10. ATC is not entitled to summary judgment on TriStar's Breach of Contract claim because the summary judgment evidence shows that ATC has breached the contracts at issue, and ATC's payments have not been made as alleged.

11. ATC is not entitled to summary judgment on any portion of TriStar's claimed damages because TriStar's proof of damages follows accepted evidentiary standards and is legally sufficient under the Sherman Act, the Lanham Act, and the law of tortious interference with prospective contracts and breach of contract.

## II.  Statement Pursuant to Local Rule 56.4(b)

To the extent not covered by the above, pursuant to Local Rule 56.4(b), TriStar states that each of the matters required to be set forth in Local Rule 56.4(a) is found in TriStar's Brief in Support of its Response in Opposition to American Tower's Motion for Partial Summary Judgment filed contemporaneously herewith.

Respectfully submitted,

VINSON & ELKINS L.L.P.

 */s/ Matthew R. Stammel*
William D. Sims, Jr.
  Texas Bar No. 18429500
Thomas S. Leatherbury
  Texas Bar No. 12095275
Matthew R. Stammel
  Texas Bar No. 24010419
John D. Taurman
  Texas Bar No. 19680400
Kyle D. Young
  Texas Bar No. 24070899
Tyler J. Bexley
  Texas Bar No. 24073923
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: 214.220.7700
Fax: 214.220.7716
bsims@velaw.com
tleatherbury@velaw.com
mstammel@velaw.com
jtaurman@velaw.com
kyoung@velaw.com
tbexley@velaw.com

Harry M. Reasoner
  Texas Bar No. 16642000
Stacey N. Vu
  Texas Bar No. 24047047
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Tel: 713.758.2222
Fax: 713.758.2346
hreasoner@velaw.com
svu@velaw.com

*Attorneys for TriStar Investors, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2013, I served a true and accurate copy of the foregoing document on all counsel of record via filing of the same with the Court's CM/ECF system.


_/s/ Kyle D. Young_
Kyle D. Young

US 2157328v.1