## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **TRISTAR INVESTORS, INC.,** § § | |
| **Plaintiff,** § § | |
| v. § § | |
| **AMERICAN TOWER CORPORATION, AMERICAN TOWERS LLC, AMERICAN TOWERS INC., AMERICAN TOWER GUARANTOR SUB, LLC, AMERICAN TOWER HOLDING SUB, LLC, AMERICAN TOWER ASSET SUB, LLC, AMERICAN TOWER ASSET SUB II, LLC, AMERICAN TOWER MANAGEMENT, LLC, AMERICAN TOWER L.P., and SPECTRASITE COMMUNICATIONS, LLC** § § § § § § § § § § § § § | **CIVIL ACTION NO. 3:12-CV-499** |
| **Defendants.** § § ------------------------------------------------------- § § | |
| **AMERICAN TOWER, LLC, SPECTRASITE COMMUNICATIONS, LLC and AMERICAN TOWERS, LLC** § § § § § | |
| **Counter-Plaintiffs** § § | |
| **TRISTAR INVESTORS, INC.,** § § | |
| **Counter-Defendants.** ------------------------------------------------------- § § § | |

### JOINT SUBMISSION ON PLAINTIFF'S TRIAL SUBPOENAS

Plaintiff ("TriStar") and Defendants ("American Tower") file this Joint Submission Regarding Plaintiff's Trial Subpoenas, and would respectfully show as follows:

## BACKGROUND

### A. American Tower's Introductory Statement

On the afternoon of November 27, 2013, the day before Thanksgiving, TriStar delivered 13 subpoenas to the offices of American Tower's counsel Jon Shepherd. *See* Nov. 27, 2013 emails between J. Shepherd and T. Bexley (attached as Ex. A); TriStar Trial Subpoenas (attached as Ex. B). The subpoenas were left with the receptionist at Mr. Shepherd's office. *See* Ex. A. The subpoenas purported to compel each of the named witnesses to appear at trial and to testify. *See* Ex. B. The date and time specified on the subpoenas was January 21, 2014. *Id*. All of the witnesses to whom TriStar's trial subpoenas are directed are current or former employees of American Tower. None of the witnesses reside in Texas or within 100 miles of the courthouse, or are parties.

### B. TriStar's Introductory Statement.

On November 27, 2013, TriStar served trial subpoenas on thirteen American Tower executives through American Tower's lead counsel, Jon Shepherd. American Tower informed TriStar that its executives will not comply with the subpoenas due to the amendment to Federal Rule of Civil Procedure 45 that went into effect four days after TriStar served the subpoenas. In an attempt to compromise, TriStar agreed to limit the trial subpoenas to those witnesses on American Tower's witness list.[1] If American Tower is going to call one of these executives live in its case-in-chief, TriStar should be allowed to call him or her live during its case in order to

---

[1] Based on American Tower's current witness list, this includes Jason Hirsch, Steven Marshall, Benjamin Myers, Rodney Smith, and James Taiclet.

avoid wasting the jury's time with a deposition video only to have the witness appear live later. American Tower rejected TriStar's proposed solution. TriStar respectfully requests that the Court order American Tower to produce the subpoenaed witnesses, or at least those witnesses American Tower will call in its case-in-chief, during TriStar's case.

## ARGUMENTS AND AUTHORITIES

### A. American Tower's Position

TriStar's subpoenas seek to compel 13 current and former American Tower employees to testify at trial. The subpoenas are invalid because (1) the subpoenas were not personally served on the witnesses and (2) the witnesses are outside the subpoena power of the Court.

#### 1. The Subpoenas Were Not Personally Served as Required by Rule 45.

Federal Rule of Civil Procedure 45 provides that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Thus, service on a witness's attorney—even if the witness is a party—is insufficient. *See Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (service of a subpoena on plaintiff's counsel was a "nullity"). "Under the plain language of the rule, as well as Fifth Circuit precedent, service is improper if the person himself is not served with a copy of the subpoena." *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 466 (E.D. La. 2007).

Here, TriStar's trial subpoenas were not personally served on the witnesses. Despite being informed that counsel for American Tower could not accept service of the trial subpoenas, TriStar's agent simply left the subpoenas with a receptionist, in violation of Rule 45. Because TriStar did not have the subpoenas personally served as required by Rule 45, the subpoenas are not valid. *See id.* (quashing subpoenas that were served on the attorneys for the employer of the

witnesses to whom the subpoenas were directed); *Havens v. Mar. Commc'ns/Land Mobile, LLC*, CIV. 11-993 KSH CLW, 2014 WL 2094035, at *3 (D.N.J. May 20, 2014) (same).

### 2. TriStar Improperly Seeks to Subpoena Witnesses Outside the Scope of the Court's Subpoena Power.

The subpoenas are also not valid because they are outside the scope of the Court's subpoena power. Under Rule 45, a federal district court may subpoena a witness who is a party or an officer of a party only if that witness lives or works in the state in which the trial is taking place. Fed. R. Civ. P. 45(c)(1). Where the witness is not a party or an officer of the party, the court may compel the witness's appearance at trial only if the witness lives, works, or regularly transacts business within 100 miles of the courthouse. *Id.*

In this case, none of the witnesses whom TriStar seeks to subpoena are subject to the Court's subpoena power. None of the witnesses live in the state of Texas or within a 100-mile radius of the courthouse. Nor do any of the witnesses work or regularly transact business within that area. Consequently, all of these witnesses are outside the subpoena power of the Court.

The fact that Rule 45 was amended effective December 1, 2013, does not change this conclusion. Under the prior version of Rule 45, the geographical limits of the federal district courts' subpoena power were unclear with respect to subpoenas directed to parties or officers of parties. This ambiguity resulted in a split of authority; some holding that parties and officers of parties could be subpoenaed from anywhere in the United States, while others held that such witnesses were subject to essentially the same limits as non-party witnesses (*i.e.*, within 100 miles of the courthouse or within the state where the trial was taking place). *Compare, e.g.*, *Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 214 (E.D. La. 2008) (out-of-state plaintiffs are beyond the court's subpoena power) *with In re Vioxx Products Liab. Litig.*, 438 F. Supp. 2d 664, 667 (E.D. La. 2006) (officer of a party could be subpoenaed from New Jersey to Louisiana).

Here, the new version of Rule 45 applies even though TriStar purported to serve its subpoenas days before the new version took effect. Rule 86 provides that amendments to the rules of civil procedure are to be applied in pending actions unless "the court determines that applying them in a particular action would be infeasible or work an injustice." Fed. R. Civ. P. 86(a)(2)(B). The Supreme Court order enacting the new Rule 45 also stated that the amendments were to apply to cases that were pending at the time of the effective date of the amendments "insofar as just and practicable." Order, U.S. Supreme Court (April 16, 2013). The Fifth Circuit repeatedly has held that "insofar as just and practicable" means that courts should implement the rule change to the "maximum extent possible." *Long v. Simmons*, 77 F.3d 878 (5th Cir. 1996); *Burt v. Ware*, 14 F.3d 256 (5th Cir. 1994); *Skoczylas v. Fed. Bureau of Prisons*, 961 F.2d 543 (5th Cir. 1992). Thus, where compliance with a subpoena is sought after the time the amended Rule 45 took effect, the new version of the rule applies regardless of when the subpoena was served. *Havens*, 2014 WL 2094035, at *3 (new version of Rule 45 applied to subpoena served before December 1, 2013 effective date).

### B. TriStar's Position

#### 1. The trial subpoenas are valid.

American Tower's counsel objects to the trial subpoenas as invalid under Rule 45. Rule 45 was amended on December 1, 2013 to "resolve a split in interpreting Rule 45's provisions for subpoenaing parties and party officers." FED. R. CIV. P. 45 advisory committee's note. The amended rule "does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state." *Id.*

Knowing that this rule change was approaching, TriStar served its subpoenas prior to the amendment taking effect in order to preserve its right to compel American Tower's executives to testify live at trial. At the time TriStar served the subpoenas, this Court and other judges in this District held that the 100-mile rule did not apply to officers of parties. *See, e.g.*, *RLI Ins. Co. v. Allstate Cty. Mut. Ins. Co.*, No. 3:07-CV-1256-M, 2008 WL 2201976, at *2 (N.D. Tex. May 28, 2008) (Lynn, J.) ("Rule 45 does not allow for subpoenas to be quashed based on distance if they are issued to parties or party officers."); *Navigant Consulting, Inc. v. Wilkinson*, No. 3:02-cv-02186-B, slip. op. at 3 (N.D. Tex. July 28, 2005) (Kaplan, M.J.) ("This court agrees with the vast majority of decisions holding that the 100-mile limit on service of trial subpoenas does not apply to parties and their officers. . . . [A] high ranking corporate officer with personal knowledge of several important facts . . . should be required to testify live at trial.").

TriStar served the trial subpoenas at issue based on the rules in effect at the time of service. While American Tower points out that the amended rules apply to pending cases, it cites no authority (and TriStar is aware of none) for the proposition that the amendment to Rule 45 is retroactive to the time of service. TriStar submits that the rules in effect at the time of service apply and permitted TriStar to subpoena party officers regardless of their location.[2]

---

[2] American Tower raises a second procedural challenge to the subpoenas on the grounds that they were served on American Tower's counsel rather than on the witnesses personally. American Tower's claim is disingenuous, as its counsel produced all of the subpoenaed individuals for depositions without requiring a personally served subpoena. American Tower's counsel also purported to represent the subpoenaed individuals in American Tower's Rule 26 disclosures. In any event, neither American Tower nor any of the individuals have challenged the subpoenas with a timely filed motion to quash. *See* FED. R. CIV. P. 45(d)(3). Rather, American Tower raises its concerns for the first time in this Joint Submission.

> **2. The Court should require American Tower to produce during TriStar's case-in-chief any of the subpoenaed witnesses that American Tower intends to bring live during its case.**

TriStar served the trial subpoenas out of an abundance of caution. Regardless of whether the subpoenas are valid, American Tower should, in the interests of fairness and efficiency, be required to produce during TriStar's case-in-chief any executives or employees whom American Tower will call during its case.

As judges in this District have recognized, "video taped depositions are less preferred at trial than live testimony." *Wells Fargo Bank, N.A. v. Bank of Am., N.A.*, Civil Action No. 3:10–CV–1825–L, 2010 WL 5287538, at *3 (N.D. Tex. Dec. 23, 2010) (Lindsay, J.); *see also Sargent v. Sun Trust Bank, N.A.*, No. Civ. A. 3:03-CV-2701, 2004 WL 1630081, at *3 (N.D. Tex. July 20, 2004) (Fitzwater, J.) ("Calling [witnesses] by deposition—even by video deposition—would deprive [defendant] of the benefit of presenting them in a manner that would enable the jury to judge their demeanor in the personal setting of the courtroom."). Recognizing this principle, TriStar issued subpoenas to the American Tower executives that it plans to present at trial.

While TriStar would prefer to present all of the witnesses in its case live to the jury, TriStar understands that many of American Tower's executives cannot or will not attend trial. Thus, TriStar proposes that American Tower be required to disclose which of its executives it intends to bring to trial and to present those executives for TriStar to call during its case-in-chief. This approach avoids wasting the Court's and the parties' time dealing with deposition designations and objections for witnesses who will appear live at trial. It also allows the parties to present each witness once rather than wasting the jury's time with deposition videos of witnesses who will appear live later in the trial. TriStar's request is consistent with the Court's "inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (quoting

*Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)). Moreover, American Tower would not be prejudiced in its ability to elicit the full spectrum of testimony on cross examination, as the Scheduling Order provides that the Court "does not enforce the rules of limited cross examination at trial." 2d Am. Scheduling Order [Doc. 319] ¶ 16.

## CONCLUSION

### A. American Tower's Requested Relief

While the 13 subpoenas are invalid for the two reasons set forth above, American Tower tried to work with counsel for TriStar. American Tower offered to produce three of the witnesses TriStar improperly attempted to subpoena in exchange for TriStar's mirror commitment to bring three TriStar witnesses live to trial. The three witnesses that American Tower offered to produce live are all high-level American Tower executives, who possess substantial information on the core factual disputes in this matter, and who have been deposed by TriStar: Steven Marshall (the president of American Tower's U.S. tower division), Rodney Smith (chief financial officer for the U.S. Tower division) and Eugene Noel (senior vice president for operations for the U.S. Tower division). TriStar rejected this offer, seeking American Tower's commitment that it would produce these three individuals plus two other witnesses during TriStar's case-in-chief. American Tower rejected TriStar's demand to commit to bring all five witnesses.

More importantly, TriStar's inflexible position that American Tower must produce the five witnesses during TriStar's case-in-chief – and assuming that the Court would direct that a witness be called to the stand only once – would essentially force American Tower to present its entire case during the middle of TriStar's case-in-chief, and could leave American Tower with no live American Tower witnesses to present during American Tower's case-in-chief. Although

fundamental fairness dictates that American Tower should be allowed to present its case-in-chief with its own witnesses, American Tower did offer to produce at least one of the offered three live witnesses during TriStar's case-in-chief.

### B. TriStar's Requested Relief

TriStar respectfully requests that the Court order American Tower to produce the subpoenaed witnesses during TriStar's case-in-chief or at least those witnesses that American Tower will call in its case.

Dated: May 28, 2014                                                  Respectfully submitted,


                                                                    */s/ Michael L. Nepple*
                                                                    Jon G. Shepherd
                                                                    Texas State Bar No. 00788402
                                                                    Courtney L. Sauer
                                                                    Texas State Bar No. 24066026
                                                                    ALSTON & BIRD, LLP
                                                                    2828 N. Harwood Street, Ste. 1800
                                                                    Dallas, TX 75201
                                                                    Telephone: (214) 922-3400
                                                                    Facsimile: (214) 922-3899
                                                                    jon.shepherd@alston.com
                                                                    courtney.sauer@alston.com

                                                                    David M. Rownd
                                                                    Illinois State Bar No. 6207951
                                                                    THOMPSON COBURN, LLP
                                                                    55 E. Monroe Street, 37th floor
                                                                    Chicago, IL 60603
                                                                    Telephone: (312) 580-2311
                                                                    Facsimile: (312) 580-2201
                                                                    drownd@thompsoncoburn.com

        Michael L. Nepple
        Missouri State Bar No. 42082
        THOMPSON COBURN, LLP
        One US Bank Plaza
        St. Louis, MO 63101
        Telephone: (314) 552-6149
        Facsimile: (314) 552-7000
        mnepple@thompsoncoburn.com

        Andrew P. Fishkin
        New York State Bar No. 2234714
        Fishkin Lucks LLP
        The Legal Center
        One Riverfront Plaza, Ste. 220
        Newark, NJ 07102
        Telephone: (973) 679-4428
        Facsimile: (973) 679-4435
        afishkin@fishkinlucks.com

        *Attorneys for Defendants*

VINSON & ELKINS L.L.P.

/s/ *Matthew R. Stammel*
William D. Sims, Jr.
  Texas Bar No. 18429500
Thomas S. Leatherbury
  Texas Bar No. 12095275
Matthew R. Stammel
  Texas Bar No. 24010419
John D. Taurman
  Texas Bar No. 19680400
Kyle D. Young
  Texas Bar No. 24070899
Tyler J. Bexley
  Texas Bar No. 24073923
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: 214.220.7700
Fax: 214.220.7716
bsims@velaw.com
tleatherbury@velaw.com
mstammel@velaw.com
jtaurman@velaw.com
kyoung@velaw.com
tbexley@velaw.com

Harry M. Reasoner
  Texas Bar No. 16642000
Stacey N. Vu
  Texas Bar No. 24047047
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Tel: 713.758.2222
Fax: 713.758.2346
hreasoner@velaw.com
svu@velaw.com

*Attorneys for TriStar Investors, Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(b), I hereby certify that on May 27 and 28, 2014, I conferred with Michael Nepple and Jon Shepherd, counsel for Defendants. He informed me that Defendants maintain their positions with respect to the issues set forth herein.

/s/ *Matthew R. Stammel*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2014, I served a true and accurate copy of the foregoing document on all counsel of record via filing of the same with the Court's CM/ECF system.

/s/ *Tyler J. Bexley*