UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRISTAR INVESTORS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| AMERICAN TOWER CORPORATION, AMERICAN TOWERS LLC, AMERICAN TOWERS INC., AMERICAN TOWER GUARANTOR SUB, LLC, AMERICAN TOWER HOLDINGS SUB, LLC, AMERICAN TOWER ASSET SUB, LLC, AMERICAN TOWER SUB II, LLC, AMERICAN TOWER MANAGEMENT, LLC, AMERICAN TOWER L.P., and SPECTRASITE COMMUNICATIONS, LLC, | § § § § § § § § § § § § § | No. 3:12-cv-0499-M |
| Defendants. | § § | |
| AMERICAN TOWER, LLC, SPECTRASITE COMMUNICATIONS, LLC, and AMERICAN TOWERS, LLC, | § § § § | |
| Counter-Plaintiffs, | § § | |
| v. | § § | |
| TRISTAR INVESTORS, INC., | § § | |
| Counter-Defendant. | § | |

**<u>ORDER</u>**

Before the Court is the Joint Submission on Plaintiff's Trial Subpoenas [Docket Entry #327], filed by the parties. The Court **DENIES** Plaintiff's request that the Court order Defendants to produce at trial the witnesses purportedly subpoenaed by Plaintiff.

On November 27, 2013, Plaintiff purported to serve 13 subpoenas upon American Tower

executives through Defendants' counsel, Jon Shepherd. Given that this was a pending action, the Court applies Federal Rule of Civil Procedure 45 as amended on December 1, 2013. Rule 45(b)(1) requires that service for a subpoena be made by "delivering a copy to the named person." Given that the subpoenas were not served on the American Tower executives, the Court finds that the subpoenas were not properly served. Further, Rule 45(c)(1) provides that a subpoena may only command a person to attend a trial if the trial is within 100 miles of where the person resides, is employed, or regularly transacts business in person, or, if that person is a party or a party's officer, where the trial is within the state where the person resides, is employed, or regularly transacts business in person. Given that the American Tower executives at issue do not meet this criteria, the Court will not require Defendants to produce them as witnesses during the Plaintiff's case-in-chief. However, the Court will permit Plaintiff to develop, in cross examination of any of the 13 American Tower witnesses who appear only in Defendants' case-in-chief, that the witness was requested by Plaintiff to appear voluntarily in Plaintiff's case-in-chief, but declined.

**SO ORDERED**.

June 3, 2014.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**